Nannie HANCOCK, Plaintiff–Appellant,

v.

Roscoe L. EGGER, Defendant–Appellee.

No. 87–1436.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs April 1, 1988.

Decided June 8, 1988.

Rasul M. Abdul–Raheem (on Brief), Kirk, McCargo & Arbulu, Detroit, Mich., for plaintiff-appellant.

Gary Maveal (on Brief), Asst. U.S. Atty., Detroit, Mich., for defendant-appellee.

Before KEITH, MARTIN and NELSON, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Nannie Hancock appeals the district court's order dismissing her employment action, which had alleged that she was the victim of racial discrimination when she was fired from her job by the Commissioner of the Internal Revenue Service. The relevant facts in this case are not in dispute.

Plaintiff, who is a black female, was removed on October 28, 1983, from her position as an appeals officer with the Internal Revenue Service in Detroit. After exhausting her administrative remedies, plaintiff filed a complaint on March 21, 1986, naming as defendant "Roscoe L. Egger, Commissioner, Internal Revenue Service (Department of Treasury)." Plaintiff's cause of action was brought under 42 U.S.C. §§ 2000-e and 1985, 5 U.S.C. § 7702, and 28 U.S.C. §§ 2201, 2202. On December 18, 1986, defendant filed a motion to dismiss for lack of subject matter jurisdiction, alleging failure by plaintiff to name as defendant the head of her employing agency or department as required by 42 U.S.C. § 2000-16(c).

On March 13, 1987, the district court granted defendant's motion, holding that "the only proper defendant to plaintiff's claim is the Secretary of the Department of the Treasury and not the Commissioner of the IRS." The district court relied on the language of § 2000e-16(c), which requires that such employment actions be brought against the head of the employing "department, agency or unit." The court dismissed the complaint without prejudice on the condition that a new cause of action be filed within thirty days. On April 13, 1987, plaintiff filed a new cause of action naming James Baker, the Secretary of Treasury, as defendant. On April 11, 1987, plaintiff filed a notice of appeal from the court's judgment of dismissal.

Plaintiff argues on appeal that by naming the Commissioner of the Internal Revenue Service as a defendant, she has complied with the requirements of § 2000e-16(c). Plaintiff argues that the district court undertook an unnecessarily narrow interpretation of the statutory language.

Section 2000e–16(c) of Title 42 mandates who may be a proper defendant in civil actions brought by federal employees to enforce rights under Title VII of the Civil Rights Act of 1964, as amended, the Equal Employment Opportunity Act of 1972. That section provides that "the head of the department, agency, or unit, as appropriate, *shall* be the defendant." (emphasis added). For the Commissioner of the Internal Revenue Service to be a proper defendant, therefore, we would have to conclude that the Internal Revenue Service is either a "department," "agency," or "unit." Resolution of this issue is purely a question of statutory interpretation.

The terms "department," "agency," and "unit," found in § 2000e–16(c), are defined in subsection (a) of § 2000e–16. Congress clearly intended these definitions found in subsection (a) to be incorporated into the mandatory requirements of subsection (c). Accordingly, "department" is defined in subsection (a) as "military departments as defined in § 102 of Title V." Certainly, the Internal Revenue Service does not fit within the definition of a military department. In subsection (a), "unit" is defined as "those units of the Government of the District of Columbia having positions in the competitive service, and ... those units of the legislative and judicial branches of the Federal Government having positions in the competitive service." It is without question that the Internal Revenue Service does not fit this definition and, therefore, cannot be characterized as a "unit."

Plaintiff's only remaining recourse is to argue that the Internal Revenue Service is an "agency" within the meaning of § 2000e–16(c). This term is defined, however, in subsection (a) as "executive agencies as defined in § 105 of Title V." "Executive agencies" are defined in 5 U.S.C. § 105 (1970) as "an Executive Department, a Government corporation, [or] an independent establishment." Only if the Internal Revenue Service qualifies as an "executive department," a "government corporation" or an "independent establishment" can it

be defined as an "agency" within the meaning of subsection (a) of § 2000e–16. Section 101 of 5 U.S.C. (1970) defines "Executive department" by listing the eleven cabinet-level departments. While the Department of the Treasury is listed, the Internal Revenue Service is not. Thus, the Internal Revenue Service is not an "executive department." Section 104 of 5 U.S.C. (1970) defines "independent establishment" as "an establishment in the executive branch ... which is not an Executive Department, Military Department, Government Corporation, or part thereof...." Because the Internal Revenue Service is clearly a part of an executive department, the Department of Treasury, the Internal Revenue Service does not meet the definition of an "independent establishment." Finally, it is not and cannot be alleged that the Internal Revenue Service is a government corporation within the meaning of 5 U.S.C. § 105. Thus, the Internal Revenue Service is not an "agency" for the purpose of § 2000e–16.

On the basis of our analysis of the statutory language, which analysis parallels that of *Stephenson v. Simon,* 427 F.Supp. 467 (D.D.C.1976), we conclude that plaintiff incorrectly named the Commissioner of the Internal Revenue Service as a defendant in this employment action. The only proper defendants in such actions are the heads of a "department, agency, or a unit" within the meaning of § 2000e–16. The proper defendant was not named in this action. Adherence to the statute's requirements is mandatory, and we are neither authorized nor inclined to ignore its mandate.

Accordingly, the dismissal of Hancock's employment action against the Commissioner of the Internal Revenue Service is hereby affirmed.