Shirley A. WASHINGTON, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, et al., Defendants.

No. C87–1039–A.

United States District Court, N.D. Ohio, E.D.

July 11, 1988.

Edward L. Gilbert Co., LPA, Akron, Ohio, for plaintiff.

Emily M. Sweeney, Asst. U.S. Atty., Cleveland, Ohio, Frances L. Pergericht, Asst. U.S. Atty., Chicago, Ill., for defendants.

## ORDER

SAM H. BELL, District Judge.

On April 27, 1987, plaintiff Shirley A. Washington filed this action against defendants, the United States Department of Health and Human Services Social Security Administration, John Jencik, Assistant District Manager, Office of the Department of Health and Human Services and John L. Balog, Area Director, Department of Health and Human Services, Social Security Administration. Ms. Washington has sued Jencik and Balog in both their individual and official capacities. Plaintiff's complaint contains six counts. In the first count Ms. Washington alleges a claim under 42 U.S.C. § 1981. Her second count alleges that defendants, Balog and Jencik violated 42 U.S.C. § 1983 by failing to provide adequate termination hearings, adequate pretermination notice and that these defendants failed to cite any rule, regulation, or procedure violated by Ms. Washington. The third count asserts a first amendment violation and the fourth count is a claim that defendants violated the equal protection clause of the fourteenth Amendment. The fifth count asserts that defendants violated Ms. Washington's right to privacy while the sixth count asserts that defendants breached their contract with Ms. Washington by establishing, without notice, new criteria and requirements that were not part of the contract. Ms. Washington claims that the contract at issue is a combination of the defendant, Social Security Administration's establishment of rules, regulations, and procedures manual.

Pending before the court is defendants' motion to dismiss or, in the alternative, for summary judgment. Defendants assert that they are entitled to judgment as a matter of law on all six counts of the complaint because this court either lacks subject matter jurisdiction to consider them or because the plaintiff has failed to state a claim upon which relief can be granted and finally because the plaintiff has failed to effect proper service of process. Plaintiff has responded in opposition to the motion.

■ The first argument raised by defendants cuts across the entire complaint. In all but the fifth count of the complaint, the plaintiff expressly alleges that she was wrongfully discharged by defendant because her behavior did not violate any rules, regulations, or procedures of the Social Security Administration. Defendants assert such an allegation fails to state a claim upon which relief may be granted.

Plaintiff has failed to respond to this argument.

A review of the federal statutes referencing federal employees reveals that an agency may only discipline an employee for "such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). "Such cause" is not confined to violation of specific rules, regulations, or policy manuals. The agency claims to have discharged Ms. Washington for second-endorsing two social security benefit checks which she either knew or should have known were stolen. The agency argues that such off-duty conduct by a trusted supervisor in an agency whose primary mission involves ensuring that beneficiaries receive their monthly social security checks was antithetical to the "efficiency of the service".

The court has uncovered no requirement that an employee must preliminarily violate a rule, regulation or policy manual as a predicate to dismissal when the agency, in the exercise of its broad discretion, *Adkins v. Hampton,* 586 F.2d 1070 (5th Cir.1978); *Young v. Hampton,* 568 F.2d 1253 (7th Cir.1977), discharges that employee in an effort to promote the efficiency of the service. Indeed, in agency removal actions, the requirements include first making the determination that the employee, in fact, committed the alleged misconduct and then that a nexus exists between the misconduct and the employees employment such that the employee's discharge, based on this misconduct, will promote the efficiency of the service. *Bonet v. United States Postal Service,* 661 F.2d 1071 (5th Cir.1981).

Therefore, this court holds that the agency was not prohibited from discharging Ms. Washington only in the event that she was found to have violated a statute, regulation or policy manual. Accordingly, all allegations that plaintiff was wrongfully discharged because the agency failed to cite any regulation, rule, procedure, statute, and/or policy manual are hereby stricken from the complaint.

■ Defendants next raise the argument that this court lacks subject matter jurisdiction to consider plaintiff's claims under 42 U.S.C. § 1981. The defendants cite the court to the Supreme Court case of *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), which holds that Title VII, 42 U.S.C. § 2000e–16 (Section 717 of the Civil Rights Act of 1964) provides the exclusive remedy for claims of discrimination in federal employment. The Court therein reviewed the structure of the 1972 amendments of the Act, which extended the Act's coverage to federal employees and that review confirmed the Court's conclusion that Congress intended the Act to be exclusive and preemptive. *Id.*

Plaintiff argues in response that after the enactment of the 1972 amendments, the Supreme Court held that Title VII does not preempt other remedies for discrimination in employment. In support of this contention plaintiff cites as authority *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) and *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). However, both of these decisions dealt with discrimination in *private* employment and are therefore inapposite authority. Plaintiff was a federal government employee. The plaintiff further argues that *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), stands for the proposition that Congress intended to accord federal employees or applicants the same rights available to remedy racial discrimination as employees in the private sector. However, a review of that decision reveals that its holding is far less expansive than the reading given to it by plaintiff. Rather, *Chandler* stands for the proposition that the 1972 Act gives federal employees the same right to *trial de novo* of employment discrimination claims as private sector employees enjoy under Title VII; the opinion cannot be read more expansively.

Thus, this court holds that the plaintiff may not bring suit against defendants under 42 U.S.C. § 1981 *et seq.* under the instant circumstances as Title VII is an exclusive, preemptive administrative and judicial scheme for the redress of plaintiff's alleged federal employment discrimination

claims. Accordingly, plaintiff's first cause of action is hereby dismissed.

■ The defendants next argue that this court has no subject matter jurisdiction over claims against the individual defendants in their individual capacity. Plaintiff's second cause of action alleges a violation of 42 U.S.C. § 1983 against defendants, Jencik and Balog, claiming that these individuals failed to follow "adequate procedure of the Social Security Administration" when terminating plaintiff and that they denied to plaintiffs "adequate pre-termination hearings and adequate pre-termination notice."

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, *of any State or Territory or the District of Columbia,* subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress ... (emphasis added).

A reading of the statute reveals that, facially, § 1983 does not authorize suit by an individual aggrieved by a *federal* official acting under color of *federal* law. Accordingly, the plaintiff's second cause of action is hereby dismissed for failure to state a claim upon which relief can be given.

■ Alternatively, plaintiff argues that the Constitution supports a private cause of action for damages against a federal official under the general federal question jurisdiction of 28 U.S.C. § 1331, for violation of constitutional rights. In other words, the plaintiff argues that her constitutional claims against the individual defendants are cognizable as direct constitutional claims under the authority of *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In the landmark *Bivens* case the Supreme Court held that an individual could sue federal officials and recover money dam-

ages for violation of his fourth amendment rights. A line of cases following this decision has established that a federal cause of action exists under the constitution itself for *certain* constitutional violations, including deprivation of due process rights under the fifth amendment. *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).

A *Bivens* remedy exists unless one of the following two exceptions exist: (1) special factors counseling hesitation in the absence of affirmative action by Congress and (2) an alternative remedy provided by Congress. *Sonntag v. Dooley,* 650 F.2d 904 (7th Cir.1981).

The court finds that both exceptions are applicable to the instant case. This case involves a "federal personnel matter." *Bush v. Lucas,* 462 U.S. 367, 380–81, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648, 661 (1983). Federal civil servants are protected by an "elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures—administrative and judicial—by which improper action may be redressed." *Bush, supra* at 385, 103 S.Ct. at 2415. Constitutional challenges to agency action, such as the race discrimination and the first amendment claims raised by Ms. Washington, are fully cognizable within this framework. In light of this "comprehensive scheme" the *Bush* court declined "to create a new substantive legal liability without legislative aid," *Bush, supra* at 390, 103 S.Ct. at 2417. Thus, this case, too, has special factors identical to those which the *Bush* court found counseled hesitation in the absence of affirmative action by Congress. Therefore, the instant case falls squarely within the first exception. The court again notes that this matter is a classic federal employment dispute. The holding in *Bush* is again instructive:

Because petitioner's claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, it would be inappropriate for this court to supplement that regulatory scheme with

a new nonstatutory damages remedy. *Bush, supra.*

The second exception is applicable to this matter as well. While it is true that Title VII does not facially preclude separate remedies for unconstitutional action other than discrimination based on race, sex, religion, or national origin, plaintiff's § 1981 and § 1983 claims are premised on racial discrimination and she has thus failed to assert a separate constitutional claim for which there is no statutory or alternative remedy provided by Congress. Title VII clearly provides plaintiff with a comprehensive alternative remedy. While it is true that here, as in *Bush,* Congress has failed to provide for complete relief, in that Title VII does not provide a remedy in money damages against the individual defendants, Congreee, however, "has not failed to provide meaningful safeguards or remedies for the rights of persons situated" as is plaintiff. *Schweiker v. Chilicky,* — U.S. —, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). Thus, a direct constitutional challenge is precluded since Ms. Washington clearly has other effective means of redress and has had an opportunity to invoke the existing jurisdiction of the federal courts for protection of her justiciable constitutional rights. *See Davis v. Passman,* 442 U.S. 228, 242, 99 S.Ct. 2264, 2275, 60 L.Ed.2d 846 (1979).

█ Plaintiff's third and fifth cause of action allege a violation of Ms. Washington's first amendment guarantee of association, as well as an invasion of plaintiff's privacy rights. Specifically, plaintiff asserts that she was unlawfully terminated because of her association with one David Holmes. The defendants assert that her association with the ex-convict Holmes was of no consequence to the agency; rather that plaintiff was discharged because she second endorsed social security checks that she knew or should have known were stolen; thus her off-duty conduct had a nexus with the mission of the agency and her supervisory responsibilities within it.

This was among those issues presented to the Merit System Protection Board (the Board). An administrative law judge sustained the plaintiff's termination. Plaintiff then sought review of that decision by the full Board. The board sustained the ALJ's decision. Plaintiff was then advised that she could appeal her termination within thirty days to the Court of Appeals for the Federal Circuit, which appeal she failed to perfect in timely fashion.

It is essentially black letter law that an order by an administrative agency finally determines the rights of the parties before it, subject to judicial review of the order, and if a party does not seek judicial review of an order, it is final. *Atlantic Refining Co. v. Federal Trade Commission,* 381 U.S. 357, 85 S.Ct. 1498, 14 L.Ed.2d 443, *reh. den.* 382 U.S. 873, 86 S.Ct. 18, 15 L.Ed.2d 114. An administrative decision of an adjudicatory character binds the parties to the proceeding, *Columbia Broadcasting System, Inc. v. United States,* 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942), and is *res judicata,* thereby precluding a subsequent judicial proceeding between the same parties regarding the matters litigated in the administrative action, *Terminal Warehouse Co. v. Pennsylvania R. Co.,* 297 U.S. 500, 56 S.Ct. 546, 80 L.Ed. 827 (1936), once the administrative order is final. *International Union of Mine, Mill, Smelter Workers v. Eagle–Picher Mining & Smelting Co.,* 325 U.S. 335, 65 S.Ct. 1166, 89 L.Ed. 1649 (1945). Indeed, an administrative order can not be collaterally attacked, *Securities & Exchange Commission v. Central Illinois Securities Corp.,* 338 U.S. 96, 69 S.Ct. 1377, 93 L.Ed. 1836 (1949), unless the agency acted in excess of its jurisdiction, or unless there was such fraud or mistake as would justify the reopening of a judgment. *Ross v. Day,* 232 U.S. 110, 34 S.Ct. 233, 58 L.Ed. 528 (1914). No such allegations are made concerning the administrative judgment here at issue, in fact, the plaintiff has made no reference to the prior administrative adjudication in her complaint. The cause of Ms. Washington's termination was litigated in the prior administrative hearing—the issue specifically litigated in the administrative hearing was whether the agency lawfully terminated plaintiff for cause would as promote the efficiency of the agency. The decisions of,

first, the administrative law judge and subsequently, the full Board sustained the agency's action.

Plaintiff now seeks to attack collaterally the Board's decision by raising constitutional challenges and claiming that the Board has no jurisdiction to entertain the constitutionality of its own conduct. While the latter may be a fair statement of the law the court notes that in resolving the plaintiff's claims of unlawful termination, the Board was not determining the constitutionality of its own conduct, but rather, was reviewing an employment decision of the United States Department of Health and Human Services, Social Security Administration. It resolved that issue in favor of the agency. Plaintiff had the opportunity and the right to appeal that determination to a United States Court of Appeals; she failed to do so. She may not now collaterally attack that decision in a United States District Court. This court has no jurisdiction to entertain appeals from the Merit Systems Protection Board. Accordingly, plaintiff's third and fifth causes of action are dismissed as this court lacks subject matter jurisdiction to hear them.

Plaintiff's fourth cause of action is a claim under the fourteenth amendment. The fourteenth amendment has only limited applicability; the commands of the fourteenth amendment are addressed only to a *state* or those acting under color of its authority. *Civil Rights Cases*, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). The federal government and its agencies and officers are therefore beyond the purview of the amendment. Accordingly, plaintiff's fourth cause of action is hereby dismissed for failure to state a claim upon which relief may be granted.

Finally, defendants argue that plaintiff is collaterally estopped from bringing her sixth cause of action which alleges a breach of contract. Plaintiff claims that defendants breached a contract made with her when they established "without notice, new criteria and requirements that were not part of the employment contract." The contract plaintiff refers to would appear to be the "rules, regulations, and procedures manual which lays [sic] out all the rules and regulations of the Department." This court has held above that the agency had the authority to discharge Ms. Washington even if she violated no statutes, regulations or policy manual and has stricken all such allegations from the complaint. Accordingly, plaintiff's sixth cause of action is hereby dismissed for failure to state a claim upon which relief may be granted.

In conclusion, defendants' motion for summary judgment is hereby granted and plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.