**Earleen DE LA PERRIERE, Plaintiff,**

v.

**U.S. DEPARTMENT OF COMMERCE, Defendant.**

No. 87–CV–73735–DT.

United States District Court, E.D. Michigan, S.D.

April 21, 1989.

Vanzetti M. Hamilton, Ypsilanti, Mich., for plaintiff.

Francis L. Zebot, U.S. Attys. Office, Detroit, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

INTRODUCTION

Plaintiff, Earleen De La Perriere, filed a *pro se* form Complaint on October 13, 1987,

seeking redress for alleged race, color and sex discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964. In it she alleged such discrimination was the basis for her termination of employment. Presently before the Court is defendant's Motion to Dismiss or in the alternative for Summary Judgment or to Strike Jury Demand.

## I. FACTS

On November 13, 1984, plaintiff was hired by Thomas D. Fontaine, III, the head of Environment Systems Studies, Great Lakes Environment Research Laboratory (GLERL), National Oceanic and Atmospheric Administration, U.S. Department of Commerce, in Ann Arbor, Michigan, as a part time career conditional secretary GS–5, subject to a one-year probationary period. Fontaine declaration, ¶ 3, 5–6.

Though satisfactory in some respects, plaintiff had significant failings as a secretary from the beginning. In a memorandum dated March 11, 1985, after about three months employment, Dr. Fontaine gave notice to plaintiff that she needed improvement in her work and her work habits, including typographical errors, formating errors, following verbal instructions, and needing to work at a faster rate. In a memorandum dated April 24, 1985, after about five months of employment, Dr. Fontaine rated plaintiff as "minimally satisfactory," the second lowest possible rating, and observed that she was failing to proofread documents and still committing the same typographical, formating and omission errors previously documented. Declaration, ¶ 7–9.

Although a memorandum written by Dr. Fontaine dated July 9, 1985 indicates noticeable improvements in plaintiff's typing performance, Dr. Fontaine felt that he could not depend on plaintiff to efficiently produce a consistently satisfactory product. On August 22, 1985, Dr. Fontaine officially rated plaintiff "unsatisfactory" in the qual-ity and quantity of her work. Declaration, ¶ 10–14.

Plaintiff was officially removed by Ferrol L. Truman, Chief, Personnel Division, effective on August 30, 1985. After timely consulting with the Equal Employment Opportunity Counselor for the Department of Commerce and proceeding to final interview without resolution, plaintiff filed a formal (written) complaint of discrimination on November 14, 1985 with the Department of Commerce. Plaintiff alleged race, color, sex and age discrimination in her termination. The agency investigated the (administrative) complaint and issued a proposed disposition dated July 16, 1986 finding no discrimination. On July 23, 1986, plaintiff waived her right to a hearing and requested a finding on the merits by the agency. On September 23, 1986, the agency issued its final decision finding no discrimination.

On October 15, 1986, plaintiff timely exercised her optional appeal to the Equal Employment Opportunity Commission (EEOC) from the agency's final decision. The EEOC decision affirming the agency's final decision was issued on September 18, 1987, and together with a Notice of Right to File A Civil Action, was received by plaintiff on September 25, 1987. The notice informed plaintiff of her right to file a lawsuit in federal district court within 30 days of receipt of the final administrative decision. The complaint in the instant action, naming the Department of Commerce as the defendant in this Title VII suit, was subsequently filed on October 13, 1987. On December 18, 1987, the United States Attorney for the Eastern District of Michigan was served process. (Declaration of Berryl Robbins)[1] Thereafter, the Attorney General of the United States was served process by certified mail on December 22, 1987. Plaintiff never served process on the Secretary of Commerce. On or after December 15, 1987, however, the U.S. Dept. of Commerce in Boulder, Colorado was mailed process which was not acknowl-

---

**1.** There is an unexplained U.S. Marshal's return which purports to say that the Office of the U.S. Attorney acknowledged service of process on December 17, 1987. The Court, however, could not find a signed acknowledgment of receipt of summons and complaint in the court file.

edged or for which acknowledgment was not received.[2]

On January 11, 1989, plaintiff failed to appear for a scheduled final pretrial conference. As a result, on January 12, 1989, the Court issued an Order to Show Cause to plaintiff. The Order required plaintiff to appear before the Court to show cause why the case should not be dismissed for her failure to appear at the final pretrial conference.

At the show cause hearing held on January 19, 1989, plaintiff represented that she had failed to appear at the final pretrial conference because she was still attempting to find a lawyer. She also represented that she could obtain the services of a lawyer with whom she had been in contact if the Court would be willing to defer trial for 30 days.

The Court, cognizant of the fact that plaintiff was *pro se* and relying on plaintiff's representation that she could obtain counsel, adjourned trial from the February, 1989 trailing docket to the April, 1989 trailing docket. In addition, the Court granted defendant's motion for leave to file its untimely motion to dismiss, or in the alternative, for summary judgment or to strike jury demand. The Court ordered the plaintiff to serve and file a response including brief and any supporting documents to defend the motion by February 10, 1989.

The Court notes that attorney Vanzetti Hamilton, phoned the attorney for the government on February 10, 1989, and indicated that he was the attorney for plaintiff. Mr. Hamilton desired an extension of time for filing a response to defendant's motion.

Thereafter, the parties agreed to an extension of 3 weeks from the ordered February 10, 1989, for plaintiff to file a response to defendant's motion. On February 28, 1989, the Court issued a stipulated extension Order permitting plaintiff to file a response by Friday, March 3, 1989.

As of April 12, 1989, plaintiff has failed to file a response to defendant's motion. The Court has given plaintiff more than ample leeway in prosecuting this action.

Regardless, plaintiff has neglected to answer defendant's motion in the time provided by the Court. Considering this case is scheduled for trial very shortly, the Court will address defendant's motion to dismiss despite plaintiff's failure to respond.

## II. DISCUSSION

Defendant predicates this motion upon Fed.R.Civ.P. 12(b)(6). A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the Plaintiffs' Complaint. *Davey v. Tomlinson,* 627 F.Supp. 1458, 1463 (E.D.Mich. 1986); *Hudson v. Johnson,* 619 F.Supp. 1539, 1542 (E.D.Mich.1985). "In evaluating the propriety of a dismissal under Rule 12(b)(6), the factual allegations in the complaint must be treated as true." *Janan v. Trammell,* 785 F.2d 557, 558 (6th Cir.1986); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). Plaintiff's claims shall not be dismissed unless it is established that the Plaintiff cannot prove beyond doubt any set of facts to support their claim that would entitle them to relief. *Janan,* 785 F.2d at 558.

Fed.R.Civ.P. 12(b)(6) further provides in pertinent part that:

> [If] matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...

Since matters outside the pleading were presented and considered by the Court, defendant's alternative request for relief, summary judgment, will be considered. Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers,* 779 F.2d 1146 (6th Cir.1985); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essen-

2. No return receipt was received by the U.S. Marshal.

tial to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Inc.*, 806 F.2d 673, 675 (6th Cir.1986). Where the non-moving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant and thus summary judgment is appropriate. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).

As stated in the facts, plaintiff alleges that she has been a victim of employment discrimination on the basis of race, color and sex. Title VII "provides the exclusive remedy for claims of discrimination in federal employment." *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). Title VII mandates that in civil actions alleging employment discrimination in the federal government, the "head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). Several courts have held that the only proper defendant in a Title VII suit is the head of the employing "department, agency or unit, as appropriate." *Hancock v. Egger*, 848 F.2d 87 (6th Cir. 1988). *Accord* e.g., *Cooper v. United States Postal Service*, 740 F.2d 714, 715–16 (9th Cir.1984), *cert. den.*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985).

In the instant case the only proper defendant is the Secretary of Commerce in his official capacity. See 42 U.S.C. §§ 2000e–16(c), 2000e–16(a); 5 U.S.C. §§ 105, 101. *Hancock v. Egger*, 848 F.2d at 88–89. The Department of Commerce, plaintiff's former employer, is an "agency" within the meaning of the 42 U.S.C. § 2000e–16(c), because it is among the "executive agencies as defined in § 105 of Title V" (42 U.S.C. § 2000e–16(a)) by virtue of it being an "executive department" (cabinet-level department) specifically listed in 5 U.S.C. § 101. The head of the Department of Commerce is the Secretary of Commerce. 15 U.S.C. § 1501.

Title VII requires that a civil action alleging federal employment discrimination be filed in district court within the 30–day statute of limitations, and as noted, be brought against the head of the federal agency in his or her official capacity.

> Within 30 days of receipt of notice of final action taken by a department, agency or unit ... or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency or unit by complaint of discrimination ..., an employee ... if aggrieved by the final disposition of his complaint, ... may file a civil action as provided in § 2000(e)–5 of this title, in which civil action the head of the department, agency or unit, as appropriate, *shall* be defendant. (Emphasis added).

42 U.S.C. § 2000e–16(c). Since § 2000e–16(c) represents a waiver of the

federal government's sovereign immunity to suit, it must be construed as a strict limitation on the right of federal employees to bring Title VII actions. See *Brown v. General Services Administration*, 425 U.S. 820, 833, 96 S.Ct. 1961, 1968, 48 L.Ed. 2d 402 (1976). In *Block v. North Dakota*, 461 U.S. 273, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983), the court stated: "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without consent of Congress. A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed...." *Id.* at 287, 103 S.Ct. at 1819–20.

In the case at bar, there can be no dispute that plaintiff failed to file a complaint naming the Secretary of Commerce as the defendant within the requisite 30 days of plaintiff's receipt of the EEOC's final decision on her administrative complaint of discrimination.

CONCLUSION

Therefore, since plaintiff failed to file her complaint naming the Secretary of Commerce as the defendant within 30 days of plaintiff's receipt of the EEOC's final decision, plaintiff's action is necessarily time barred. Accordingly, defendant's motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.