Charles CLEMENT, Plaintiff,

v.

John MOTTA, James Harbin, Clayton Yeutter, Secretary of Agriculture, and United States of America, Department of Agriculture, Defendants.

No. 5:91–CV–18.

United States District Court,
W.D. Michigan, S.D.

Nov. 13, 1991.

See also 820 F.Supp. 1039.

Mark T. Light, Mark T. Light Law Offices, Lansing, MI, for plaintiff.

Agnes M. Kempker–Cloyd, Asst. U.S. Atty., Grand Rapids, MI, for defendants.

## OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

MILES, Senior District Judge.

This matter is before the court on the motion of the defendants to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1); for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6); and for insufficiency of service of process, pursuant to Fed.R.Civ.P. 12(b)(5).

The defendants' motion was filed on June 7, 1991. The plaintiff has not filed a response to the motion. For the reasons which follow, the defendants' motion is GRANTED IN PART and DENIED IN PART. More specifically, plaintiff's complaint is dismissed as to all defendants with the exception of defendant Clayton Yeutter, Secretary of Agriculture, and as to all causes of action with the exception of his claims of racial discrimination and retaliation under section 717 of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e–16.

## FACTS

The plaintiff, Charles Clement, is a black male employed at the Agricultural Research Service Regional Poultry Research Lab located in East Lansing, Michigan. In May, 1989, Clement applied for a promotion to the

position of "Wage Leader" at the East Lansing facility. He alleges that he was denied this promotion on the basis of his race, and that a lesser qualified white employee was selected for the position. This decision was made in May or June, 1989.

Clement filed his complaint in this action on April 4, 1991, naming as defendants the United States Department of Agriculture ("USDA"), Secretary of Agriculture Clayton Yeutter, and two other USDA employees, John Motta and James Harbin.[1] In his complaint, Clement alleges not only that his rights were violated when he was denied a promotion on the basis of his race and subjected to retaliation for asserting his right to be free from discrimination.[2] In addition, Clement alleges that defendants Motta and Harbin conspired to deprive him of the promotion by, among other things, "fixing" the promotion procedures and assisting the successful white applicant in obtaining the position.

In his complaint, Clement asserts a cause of action for racial and retaliatory discrimination against the defendants under Title VII of the Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C. § 2000e et seq. He also attempts to assert a cause of action under 42 U.S.C. § 1985(3) for the alleged

conspiracy to deny him a promotion on the basis of his race. Finally, although the complaint is somewhat unclear, Clement appears to assert a pendent claim against the defendants under Michigan's Elliott Larsen Civil Rights Act, M.C.L.A. § 37.2101 et seq.[3]

## ANALYSIS

Although the defendants' motion to dismiss is three-pronged, their arguments may be summarized into only two types of challenges—substantive and procedural. Substantively, the defendants argue that the court lacks subject matter jurisdiction over all claims and defendants with the exception of the Title VII claims against defendant Yeutter, pursuant to 42 U.S.C. § 2000e–16, which is the exclusive judicial remedy available to federal employees alleging employment discrimination. Procedurally, the defendants argue that the complaint should be dismissed as to defendants Yeutter, Motta, and Harbin, because they have not been properly served as required under Fed. R.Civ.P. 4. The court addresses each of these arguments separately below.

### A. Title VII as Plaintiff's Exclusive Remedy

■ Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment

---

1. Clement alleges that he filed EEOC charges and received a Right to Sue letter from EEOC on approximately June 1, 1989. However, although the complaint states that "a copy of the Right To Sue Letter is attached and incorporated by reference," no EEOC letter is in fact attached to the complaint. The only attachment to the complaint is a USDA notice of final action letter dated March 5, 1991 (pursuant to a complaint filed with the USDA in August 11, 1989). The USDA concluded that there was no discrimination against Clement.

2. The complaint does not indicate what act (or acts) form the basis of this claim of retaliation, nor does it indicate which defendants are alleged to have retaliated against Clement, nor does it indicate when this alleged retaliation took place.

The USDA notice of final action does refer to an allegation of retaliation made by Clement. Clement appears to have claimed before the USDA that he was denied a promotion not only because of his race, but also because he contacted the National Association for the Advancement of Colored People in 1977 on another employment-related matter. Clement's complaint filed in this court does not refer to this 1977 incident

as a basis of his claim of retaliation; instead, it states that he was retaliated against for filing EEOC charges after being denied a promotion on the basis of his race. Accordingly, as indicated in the paragraph above, Clement has not in his complaint provided the factual basis for his claim of retaliation.

3. Clement might also be attempting to assert causes of action directly under the Equal Protection clauses of both the United States and Michigan Constitutions. Unfortunately, the complaint is poorly drafted and the remaining claims are difficult to decipher. For example, paragraphs 27 through 40 are captioned "Count II," but there is no "Count I" so captioned. Moreover, although plaintiff specifically states that the basis of "Count II" is 42 U.S.C. § 1985(3), he later refers to the Equal Protection clauses of the United States and State of Michigan Constitutions, and to Michigan's Elliott Larsen Civil Rights Act, in such a way as to suggest that he may be attempting to assert separate causes of action under the latter three, rather than merely as predicates for an action under § 1985(3). For purposes of resolving the present motion, the court has construed the complaint liberally.

on the basis of race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e–2. More specifically, section 717(a) of Title VII, 42 U.S.C. § 2000e–16(a), provides that all personnel actions affecting federal employees or applicants for federal employment "shall be made free from any discrimination based on race, color, religion, sex, or national origin." As Clement is clearly a federal employee, his claims are covered by section 2000e–16.

As the defendants have correctly argued, the Supreme Court has held that 42 U.S.C. § 2000e–16 provides the exclusive judicial remedy for claims of discrimination in federal employment. *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). In *Brown*, the Supreme Court, after carefully examining the language and legislative history of section 717, concluded that Congress intended the comprehensive scheme of Title VII to preempt the availability of other more general remedies for federal employees:

> The balance, completeness, and structural integrity of § 717 are inconsistent with the petitioner's contention that the judicial remedy afforded by § 717(c) was designed merely to supplement other putative judicial relief. His view fails, in our estimation, to accord due weight to the fact that unlike these other supposed remedies, § 717 does not contemplate merely judicial relief. Rather, it provides for a careful blend of administrative and judicial enforcement powers. Under the petitioner's theory, by perverse operation of a type of Gresham's law, § 717, with its rigorous administrative exhaustion requirements and time limitations, would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible.

425 U.S. at 832–33, 96 S.Ct. at 1968 (footnote omitted).

Although the federal employee in *Brown* specifically sought to file suit under both Title VII and 42 U.S.C. § 1981, the Supreme Court has also held that Title VII cannot be the basis for a cause of action asserted under 42 U.S.C. § 1985(3). In *Great American Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), the Court concluded that

> If a violation of Title VII could be asserted through § 1985(3), a complainant could avoid most if not all of [the] detailed and specific provisions of [Title VII]. Section 1985(3) expressly authorizes compensatory damages; punitive damages might well follow. The plaintiff or defendant might demand a jury trial. The short and precise time limitations of Title VII would be grossly altered. Perhaps most importantly, the complainant could completely bypass the administrative process, which plays such a crucial role in the scheme established by Congress in Title VII.

442 U.S. at 375–76, 99 S.Ct. at 2350–51 (footnote omitted). Because it is clear that the gravamen of Clement's claim is discrimination, and retaliation for asserting his right to be free from discrimination, his claim is cognizable only under section 2000e–16, and not under section 1985(3). *See Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1205 (6th Cir.1984) (claim under 42 U.S.C. § 1983, based on retaliation for filing of EEOC complaint, is preempted by Title VII).

Assuming that Clement intended to state a cause of action under Michigan's Elliott Larsen Civil Rights Act, this claim is likewise preempted by Title VII. *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir.), *cert. denied*, 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987), *reh'g denied*, 484 U.S. 1083, 108 S.Ct. 1066, 98 L.Ed.2d 1028 (1988) (Federal Reserve Bank employee's Elliott Larsen claim preempted by federal law); *see also Broughton v. Courtney*, 861 F.2d 639, 641 (11th Cir.1988) (Naval employee's state common law employment-related claims were preempted by the Civil Service Reform Act of 1978). Accordingly, Clement's only cognizable claim is under Title VII, and the remaining claims, whatever they are, must be dismissed for lack of subject matter jurisdiction.[4]

---

4. For similar reasons, any claims which Clement intended to state for violation of the Equal Protection clauses of the United States and Michigan Constitutions are likewise preempted by Title VII. The unqualified holding of *Brown*—that the judicial remedy provided by Title VII is *exclusive*

■ The defendants argue that not only is Clement barred by the preemptive effect of Title VII from pursuing other avenues of relief, but he is also prohibited from seeking any relief, even under Title VII, from any defendant other than Secretary Yeutter. Section 2000e–16(c) provides that in a civil action based upon discrimination in federal employment, "the head of the department, agency, or unit, as appropriate, shall be the defendant." This section has been construed as meaning that the *only* proper defendants in such actions are the heads of a "department, agency, or unit" included within § 2000e–16. *Hancock v. Egger*, 848 F.2d 87, 89 (6th Cir.1988); *see also Soto v. U.S. Postal Service*, 905 F.2d 537, 539 (1st Cir.1990); *Mahoney v. U.S. Postal Service*, 884 F.2d 1194, 1196 (9th Cir.1989); *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir.1988); *Ellis v. U.S. Postal Service*, 784 F.2d 835, 838 (7th Cir.1986).[5]

For Motta and Harbin to be proper defendants, the court would have to conclude that they are heads of a "department, agency, or unit" as defined in section 2000e–16(a). According to the complaint, Motta and Harbin are employed with the USDA. Although the USDA does not fall within the definition of a "department" or "unit," it does fall within the definition of an "agency." An "agency" is defined in section 2000e–16(a) as "executive agencies as defined in section 105 of Title 5[.]" "Executive agencies" are defined in 5 U.S.C. § 105 as including "Executive department[s.]" The Department of Agriculture is an Executive department. 5 U.S.C. § 101. The department is under the control and supervision of the Secretary of Agriculture. 7 U.S.C. § 2202. According to the complaint, Yeutter is the Secretary of Agricul-

ture. Therefore, Yeutter, as the head of the USDA, is the only proper defendant in this action, and the action must be dismissed as to the remaining defendants.

Finally, the defendants also argue that even Clement's Title VII claim must be dismissed because he did not specifically cite 42 U.S.C. § 2000e–16 in his complaint as the basis for federal jurisdiction. In his complaint, Clement alleges that jurisdiction over this action is authorized pursuant to 42 U.S.C. § 2000e–5(f)(3), which provides that United States district courts shall have jurisdiction of actions brought under Subchapter VI of Title 42. Section 2000e–16(d) provides that sections 2000e–5(f) through (k) "shall govern civil actions brought hereunder." In sum, the plaintiff has identified the basis for federal court jurisdiction over Title VII actions involving federal employees, and the court finds the defendants' argument to be utterly without merit.

### B. *Insufficiency of Service of Process*

■ The defendants argue that Clement's remaining Title VII claim must be dismissed as to defendant Yeutter for insufficiency of service of process as required by Fed. R.Civ.P. 4. More specifically, the defendants argue that Yeutter was served with a summons and copy of the complaint intended for Motta, and that Harbin and Motta each received a summons and copy of the complaint intended for Yeutter.[6]

The court will not venture to guess what sort of carelessness on the part of plaintiff's counsel caused the apparent mix-up, because however negligent counsel may have been, the court concludes that the process served was sufficient. Curiously, in support of their argument that service was insufficient, the

---

for claims of discrimination in federal employment—precludes actions against the federal government and its officials for constitutional violations as well as actions under other federal legislation. *Kizas v. Webster*, 707 F.2d 524, 542 (D.C.Cir.1983); *Porter v. Adams*, 639 F.2d 273, 277–78 (5th Cir.1981).

**5.** Similarly, *Brown*'s broad language on preemption and exclusivity has been construed as prohibiting suits not only against federal agencies or departments as individual defendants, but also against other federal officials in their official or individual capacities. *White v. General Services*

*Administration*, 652 F.2d 913, 916 (9th Cir.1981); *Newbold v. U.S. Postal Service*, 614 F.2d 46, 47 (5th Cir.), *cert. denied*, 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101, *reh'g denied*, 449 U.S. 1027, 101 S.Ct. 600, 66 L.Ed.2d 490 (1980); *Gissen v. Tackman*, 537 F.2d 784, 786 (3d Cir.1976).

**6.** Defendants also argue that Motta and Harbin were not properly served, but given the conclusion reached in part A above, the court finds it unnecessary to consider this argument as to these two defendants.

**1039**

defendants quote the following portion of Fed.R.Civ.P. 4(c)(2)(C):

> A summons and complaint may be served upon a defendant of any class ...
>
>> (ii) *by mailing a copy* of the summons and of the complaint (by first-class mail, postage prepaid) *to the person to be served,* ...

(emphasis supplied by defendants). Unfortunately, the defendants fail to read and quote the remaining pertinent portion of Rule 4(c)(2)(C), which indicates that it does not apply to service on the United States or its officers.[7] Instead, subdivision (d) of Rule 4, paragraph (5), applies to service upon officers of the United States. Rule 4(d)(5) provides that service shall be made upon an officer of the United States "by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency."

The defendants do not argue that Clement did not properly serve the United States by providing copies of the summons and complaint to the United States attorney and the Attorney General, as required in Rule 4(d)(4). Moreover, the proof of service on file indicates that Secretary Yeutter was served with copies of the summons and complaint by certified mail, as required by Rule 4(d)(5). The certified mail return receipt on file indicates that someone at the USDA accepted delivery of an envelope addressed to Yeutter. Yeutter admits that he actually received these documents. It does not matter that he may have received a cover letter, or even a summons, with another defendant's name typed on it, for he simultaneously received a copy of the complaint which clearly identifies him as a defendant. Yeutter has actual notice of the suit against him and has suffered no prejudice from the alleged technical defect in service—assuming that there was such a defect. Accordingly, the defendants' motion to dismiss will be denied as to defendant Yeutter.

7. The entire pertinent portion of Rule 4(c)(2)(C) provides as follows:
A summons and complaint may be served *upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—*

### CONCLUSION

For the reasons set forth above, the defendants motion to dismiss is GRANTED as to defendants John Motta, James Harbin, and the United States Department of Agriculture. The defendants motion to dismiss is also GRANTED as to all claims against defendant Clayton Yeutter, Secretary of Agriculture, with the exception of plaintiff's claims of discrimination and retaliation under 42 U.S.C. § 2000e–16. In sum, the only remaining claim is the Title VII claim against defendant Yeutter.

IT IS SO ORDERED.

(ii) by mailing a copy of the summons and of the complaint. . . .