John J. TOYEE, Plaintiff,

v.

Janet RENO, Attorney General, Defendant.

Civil Action No. 95–40150.

United States District Court, E.D. Michigan, Southern Division.

Sept. 30, 1996.

*Buhrmaster v. Overnite Transportation*, 61 F.3d 461, 464 (6th Cir.1995).

Barbara Harvey, Detroit, MI, for Plaintiff.

William L. Woodard, Asst. U.S. Atty., Detroit, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GADOLA, District Judge.

The plaintiff, John Toyee, ("Toyee") filed a complaint on April 10, 1995, raising two claims. Toyee first alleges employment discrimination based on national origin under, *inter alia,* Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e–16. Second, he raises a claim for violation of his First Amendment rights under the United States Constitution. The defendant, Janet Reno ("Reno") brings this motion to dismiss, or in the alternative, for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(b) and 12(c), respectively, relating to the First Amendment claim. This court has considered the pleadings [1] and has determined that oral argument is not necessary to the disposition of this motion. Local Rule 7.1(e)(2) (E.D.Mich. Jan., 1992). For the reasons stated below, this court will grant Reno's motion to dismiss the First Amendment claim.

### I. Factual and Procedural Background

The plaintiff is a former probationary Correctional Officer at the Federal Correctional Institution in Milan, Michigan (FCI–Milan).

He is a naturalized citizen of the United States who was born in Baghdad, Iraq in 1965. Plaintiff began his employment as a probationary Correctional Officer on May 31, 1992. During the first three weeks of his employment, plaintiff was required to attend Institution Familiarization Training ("IFT") at FCI–Milan with several other trainees. On June 16, 1992, Toyee, who was told to dress comfortably, wore a T-shirt emblazoned with a Malcolm X logo. Toyee was corrected by Training Supervisor Cynthia Stowell who told Toyee that it was inappropriate for him to wear that T-shirt. On June 19, 1992, prior to his completion of IFT, plaintiff was discharged from employment based on charges of breach of institutional security and inattention to duty. Those charges apparently arose out of incidents unrelated to the T-shirt incident.

Plaintiff, in his complaint, generally alleges that he was harassed, ridiculed, and humiliated by the FCI–Milan training staff and by plaintiff's fellow trainees, and that he was ultimately terminated from employment by the Warden at FCI–Milan, as a result of discrimination against plaintiff based on his national origin (Iraqi).

With respect to his First Amendment Claim, Toyee specifically alleges that "[the] Defendant took disciplinary action against plaintiff on the basis of the political content of a Malcolm X T-shirt that he wore during institution familiarization, in violation of his free speech rights under the First Amendment to the United States Constitution." (Complaint, ¶ 26).

On January 5, 1996, defendant filed the instant motion to dismiss, or in the alternative, for judgment on the pleadings. Reno argues that (1) the court lacks jurisdiction over plaintiff's First Amendment claim because Title VII is the exclusive remedy for this claim, (2) the court lacks jurisdiction over plaintiff's First Amendment claim because this claim is preempted by the Civil Service Reform Act of 1978, (3) the plaintiff's First Amendment claim is barred by sover-

---

1. Plaintiff Toyee, while declining to concur in the relief sought by this motion pursuant to Local Rule 7.1(a) (E.D.Mich. November 7, 1994), has not submitted a response to Reno's motion to dismiss.

eign immunity, and (4) the plaintiff's First Amendment claim is barred by qualified immunity and should be dismissed because the complaint fails to plead specific facts in avoidance of qualified immunity.

## II. Discussion

### A. Exclusive Remedy of Title VII.

■ Title VII is the exclusive judicial remedy for claims of employment discrimination based on national origin brought by federal employees. *Brown v. General Services Administration,* 425 U.S. 820, 829–33, 96 S.Ct. 1961, 1966–68, 48 L.Ed.2d 402 (1976); *Boddy v. Dean,* 821 F.2d 346, 352 (6th Cir.1987); *Clement v. Motta,* 820 F.Supp. 1035, 1036–37 (W.D.Mich.1991).

■ As previously noted, Toyee's complaint alleges that defendant Reno violated plaintiff's free speech rights under the First Amendment by taking disciplinary action against plaintiff on the basis of the political content of a Malcolm X T-shirt that he wore during Institution Familiarization Training.

It is not clear from the complaint what disciplinary action was allegedly taken against the plaintiff as a result of his having worn a Malcolm X T-shirt.[2] However, this court must conclude that the disciplinary action referred to was his discharge from employment as a Federal Corrections Officer since this is the only type of disciplinary action he alleges in the complaint and, moreover, the only type of disciplinary action permitted to be taken by the Warden against a probationary employee. *See* Depo.Tr. of Joseph B Bogan, pp. 210–11. Since Toyee also asserts that his discharge by defendant was motivated by intentional discrimination based on his national origin (Iraqi) (complaint ¶ 20), this court must conclude that plaintiff is claiming that his First Amendment rights were violated when he was discharged as a

result of intentional discrimination based on his national origin.

In that event, plaintiff's First Amendment claim is so inexorably intertwined with his claim of national origin discrimination that this court must find that it is without subject matter jurisdiction over plaintiff's First Amendment claim. Because Title VII is the exclusive judicial remedy for claims of employment discrimination based on national origin, plaintiff's First Amendment claim is preempted. *Cf. Thorne v. Cavazos,* 744 F.Supp. 348, 352 (D.D.C.1990) (finding that the remedial provisions of ADEA [or in this case Title VII] provides plaintiff with sole remedy for constitutional claims). Therefore, plaintiff's First Amendment claim should be dismissed.

### B. Civil Service Reform Act Preemption.

■ Even if plaintiff's First Amendment claim is considered separate and apart from his Title VII claim, it is still preempted by the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 *et seq.* (CSRA).

In *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court held that federal employees have no *Bivens*[3] cause of action for personnel practices of their supervisors alleged to violate their Constitutional rights. In *Bush,* as in this case, the plaintiff alleged that an adverse personnel action against him was in violation of the First Amendment. The Supreme Court held that the exclusive remedy for such claims lies in the "elaborate, comprehensive scheme" provided by the CSRA, which "encompasses substantive provisions forbidding arbitrary action by supervisors and procedures—administrative and judicial—by which improper action may be addressed." 462 U.S. at 385, 103 S.Ct. at 2415. *See Hallock v. Moses,* 731 F.2d 754, 757 (11th Cir.1984) (holding that due to the CSRA a federal employee has no independent right of

---

**2.** In his brief in opposition to defendant's motion for summary judgment, presently pending before this court, Toyee argues that "the arrogance and intentional political posturing that defendant attributed to plaintiff on the basis of this event [the T-shirt incident] clearly contributed to the alleged "unprofessional attitude" that admittedly *was* the primary factor in the decision to discharge [Toyee]. (emphasis in the original)

**3.** *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (holding that a federal cause of action for damages arises upon a federal agent's unconstitutional conduct).

action for damages against a supervisor who improperly disciplined the employee for exercising his First Amendment rights); *Washington v. Secretary of HHS,* 693 F.Supp. 569 (N.D.Ohio 1988) (holding that federal employee could not sue supervisors for discharge alleged to have violated her First Amendment rights). Therefore, even if plaintiff's claim is considered separate and apart from his Title VII claim, it is, nevertheless, preempted by the Civil Service Reform Act of 1978.

Since this court finds that plaintiff's First Amendment claim should be dismissed for lack of subject matter jurisdiction because Title VII is the exclusive remedy for this claim or alternatively because this claim is preempted by the Civil Service Reform Act of 1978, this court need not address the defendant's remaining arguments.

### ORDER

Therefore, it is hereby **ORDERED** that the defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** as to the plaintiff's First Amendment claim and that claim is **DISMISSED.**

**SO ORDERED.**