**William F. GLARNER, Plaintiff–Appellant,**

v.

**UNITED STATES of America, DEPARTMENT OF VETERANS ADMINISTRATION, Defendant–Appellee.**

No. 93–5444.

United States Court of Appeals, Sixth Circuit.

Argued March 17, 1994.

Decided July 26, 1994.

Natasha K. Metcalf (briefed), L. Anderson Galyon, III, Rebecca B. Murray (argued), Kennerly, Montgomery & Finley, Knoxville, TN, for plaintiff-appellant.

David G. Dake, D. Gregory Weddle (argued and briefed), Asst. U.S. Attys., Knoxville, TN, for defendant-appellee.

Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.

NATHANIEL R. JONES, Circuit Judge.

Plaintiff-Appellant William F. Glarner filed this medical malpractice action against the Department of Veterans Administration ("VA"). The district court dismissed the action because Glarner's administrative claim failed to satisfy the jurisdictional requirements of the Federal Tort Claims Act. The court also held that a second tort claim was barred by the statute of limitations. We hold that though the first claim was defective, the second claim was properly filed as the statute of limitations was equitably tolled from the time when the VA failed to inform Glarner that his initial filing did not trigger the FTCA.

## I

In 1973, Glarner had bilateral hip replacements inserted at the Long Beach, California, Veterans Administration Medical Center ("VAMC"). A repair was made to the ball portion of his hip in 1980, but no significant problems occurred until 1988. Glarner returned to the VAMC in 1989 due to pain and cracking in his right hip. It was determined that the socket of the hip had loosened. Doctors performed corrective surgery on July 26, 1989.

On August 2, 1989, Glarner noticed a clicking sound in his right hip, and X-rays revealed that the hip had dislocated. After Glarner was placed in a cast up to his waist, his doctor noticed that one of Glarner's legs was longer than the other. An X-ray revealed that the hip had been improperly set in the cast in a dislocated position. To remedy this problem, two doctors sedated Glarner, rotated his hip into the proper position, and placed him in traction. He was later placed in a partial cast.

Shortly thereafter, as Glarner was being led to the restroom, his hip dislocated again. A doctor rotated his hip back properly, and Glarner was placed in a total body cast. However, soon after that cast was removed, Glarner fell on a wet floor in the restroom, resulting in a hairline fracture of his right femur. A medic further injured the femur in placing a cast upon it, making surgery necessary. A rod was placed through Glarner's femur to stabilize the fracture, which caused Glarner pain and resulted in Glarner's inability to bend his knee. He was discharged from the hospital in December 1989. According to Glarner, his condition has continued to deteriorate, and he has suffered a large change in lifestyle because he cannot bend his knee. For instance, he has a difficult time sitting and can no longer drive a car.

The procedural events are central to this case. While Glarner was in the VAMC, he went to the office of the Disabled American Veterans ("DAV"),[1] located in the hospital, and told an officer that he believed he was totally disabled as a result of his medical treatment and wanted to file a negligence claim against the hospital. The DAV officer completed a form which Glarner signed on November 14, 1989. That claim has proceeded through the administrative process only as a 38 U.S.C. § 1151 (formerly § 351) claim for benefits. In order to properly file a negligence suit under the Federal Tort Claims Act, however, a person usually files Standard Form 95 ("SF95"). Glarner emphasizes that he was never informed that he had separate remedies under § 1151 and the FTCA, and that he thought he was doing everything necessary to pursue remedies for VA negligence when he filed the claim in the DAV office.

Glarner filed this complaint in federal court to recover damages under the FTCA. The government filed a motion to dismiss on the ground that Glarner did not complete the proper FTCA prerequisites. In the district court's first decision in this case, it held that Glarner's claim was not properly before the court. However, the court denied the government's motion to dismiss because it found that Glarner could file a proper SF95, for the statute of limitations had been equitably tolled when the VA failed in its duty to provide a copy of SF95 to anyone who inquires about filing a tort claim against the United States. Relying upon this decision, Glarner filed a SF95 on November 24, 1992. Subsequently, he filed a separate tort suit, which is now pending.

The government then moved for reconsideration of the district court's order, and the court reversed itself in January 1993. The court decided that Glarner should not be permitted to file a SF95, finding that even if equitable tolling of the statute of limitations was appropriate, it should not be ·extended for an indefinite period. The court found that by July 23, 1990, Glarner knew or should have known that he needed to file an SF95; on this date the VA notified Glarner that his "claim for service-connection for a right leg condition and a right hip condition

---

1. The DAV is not a part of the VA, but rather is one of several organizations recognized by the VA for the representation of benefit claimants.

under Title 38, USC 351" was being denied. Thus, the court found that the tolling stopped and the limitations period had run out by the time Glarner filed his SF95 claim on November 24, 1992, pursuant to the court's first opinion. It is clear that the district judge gave close attention to determining the proper disposition of this case, and we compliment him on his sensitivity as manifested by the record.

When we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we are mindful that "to be granted, there must be no set of facts which would entitle the plaintiff to recover. Matters outside the pleadings are not to be considered, and all well-pleaded facts must be taken as true." *Jackson v. Richards Medical Co.*, 961 F.2d 575, 577–78 (6th Cir.1992) (quoting *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.1989)).

## II

■ When a veteran is injured at a medical center operated by the United States Department of Veterans Affairs ("VA"), he may file for two different types of recovery: disability benefits under 38 U.S.C. § 1151 and medical malpractice tort remedies under the Federal Tort Claims Act ("FTCA").

■ It is undisputed that Glarner properly filed for § 1151 benefits when he was in the DAV office. Thus, that claim is not at issue here. The only issue is whether he can pursue an FTCA claim. In order for a person to file a tort claim under the FTCA, it is required that he 1) give written notice of a claim sufficient to enable the agency to investigate the claim and 2) place a value (or "sum certain") on the claim. *Sellers v. United States*, 870 F.2d 1098, 1101 (6th Cir.1989); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981). These requirements derive from 28 U.S.C. § 2675, which provides procedures for filing claims against the government. *See also* 28 C.F.R. § 14.2(a). If the

claimant completes the SF95, he will satisfy these requirements, though that particular form is not necessary for doing so.

Glarner did not complete an SF95. He did, however, go to the DAV office and state that he wanted to file a negligence claim against the government. The claim he filed, drafted by a DAV officer, cites only § 1151 (then § 351), though it does say "I feel that I am entitled to compensation as a result of this negligence." J.A. at 57. The government argues that this filing meets neither of the requirements for instituting a FTCA claim.

We believe that Glarner's filing met the first requirement, for it gave the agency adequate notice to investigate the claim. Glarner filed the form and mentioned his belief that there was negligence. In addition, he was still a patient in the hospital at the time, so VA officials could easily have investigated what they needed to know. However, it is clear that Glarner did not place a sum certain on his claim. This requirement, while technical, is a prerequisite for filing a FTCA claim in this circuit. *Allen v. United States*, 517 F.2d 1328, 1329–30 (6th Cir.1975) (action dismissed because amount of personal injury left blank on the SF95).[2]

Because the sum certain requirement was not met, the November 14, 1989, DAV filing did not establish district court jurisdiction over Glarner's claims.

## III

■ Glarner next argues that even if the initial DAV filing was inadequate, equitable tolling of the statute of limitations nevertheless permits the November 1992 filing of his SF95. 28 U.S.C § 2401(b) requires that a tort claim be presented to the appropriate federal agency within two years from the date the claim accrues.[3] Glarner's injuries occurred in 1989, but he did not actually file an SF95 until November 24, 1992, after the district court informed him that the limitations period was equitably tolled.

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues....

**2.** One court has relaxed the sum certain requirement in a particular fact situation, see *Blue v. United States*, 567 F.Supp. 394, 398 (D.Conn. 1983).

**3.** 28 U.S.C. § 2401(b) provides:

In response, the VA first argues that the doctrine of equitable tolling cannot apply to § 2401(b) because the latter is a jurisdictional statute of limitations that cannot be equitably tolled. This assertion is incorrect.

In *Irwin v. Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), the Supreme Court stated that it wished to establish a "general rule to govern the applicability of equitable tolling in suits against the government," for its prior practice of deciding whether each particular statute of limitations was subject to equitable tolling had created unpredictability. The court held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* Thus, unless Congress provides otherwise, *id.,* a statute of limitations for suits against the government is subject to equitable tolling.

Though *Irwin* dealt specifically with a Title VII statute of limitations, 42 U.S.C. § 2000e–16(c), a case from another circuit makes it clear that the equitable tolling presumption applies to § 2401(b) as well. In *Schmidt v. United States,* the Supreme Court vacated the Eighth Circuit's judgment holding that § 2401(b) was a jurisdictional requirement, which would not be subject to equitable tolling. 498 U.S. 1077, 111 S.Ct. 944, 112 L.Ed.2d 1033 (1991), *vacating* 901 F.2d 680 (8th Cir.1990). The Court remanded the case for further consideration in light of *Irwin.* *Id.* On remand, the Eighth Circuit held that *Irwin* mandated that the FTCA statute of limitations was not jurisdictional, and allowed that case to go to trial. 933 F.2d 639, 640 (8th Cir.1991).[4]

The government relies on *Dean v. Veterans Admin. Regional Office,* 943 F.2d 667 (6th Cir.1991), *vacated and remanded on other grounds,* —— U.S. ——, 112 S.Ct. 1255, 117 L.Ed.2d 486 (1992). In that case, the court found that 5 U.S.C. § 7703(b)(2), governing judicial review of decisions of the VA

Merit Systems Protection Board, could not be equitably tolled despite *Irwin.* In doing so, the court looked to the text of the particular statute, which stated that "[n]otwithstanding any other provision of law," a case must be filed within 30 days of receiving notice. *Id.* at 670. *Dean* thus holds that in enacting § 7703(b)(2), Congress rebutted the presumption of equitable tolling. Nothing in *Dean,* however, implies that Congress rebutted this presumption when it enacted § 2401(b). Thus, in accord with *Schmidt,* § 2401(b) can be equitably tolled.

■ The VA next argues that even if the statute can be equitably tolled, it was not in this case. We reject this contention, for the VA failed in a legal duty to Glarner. The VA received Glarner's negligence complaint while he was still a patient at the hospital. According to 38 C.F.R. § 14.604(a), it had a duty to provide Glarner with an SF95:

> Each person who inquires as to procedure for filing a claim against the United States, predicated on a negligent or wrongful act or omission of an employee of the Veterans Administration ... will be furnished with a copy of SF 95 Claim for Damage, Injury or Death. The claimant will be advised to submit the executed claim directly to the district counsel having jurisdiction of the area wherein the occurrence complained of took place.

Yet despite this clear duty, the VA has *never* furnished Glarner with an SF95. On November 12, 1992, the district court found that the statute of limitations was tolled because the VA did not fulfill its duty. Glarner then filed his SF95 on November 24. On reconsideration, the district court did not refute its holding that equitable tolling was appropriate, but concluded that even where appropriate, "the tolling cannot be for an indefinite period." J.A. at 128. The court stated that by July 23, 1990, Glarner knew or should have known that an SF95 needed to be filed. It was on that date that Glarner

---

**4.** *Schmidt* did not deal specifically with equitable tolling, but rather with a material dispute about when the statute of limitations ran out. The Eighth Circuit remanded for trial because, since the statute was not jurisdictional, the government's motion to dismiss must be treated like a

motion for summary judgment and the facts had to be construed in the light most favorable to the plaintiffs. 933 F.2d at 640. This result obtains from the same assumptions as those required to support equitable tolling of the statute.

received his denial letter from the VA, which stated that his "claim for service-connection for a right leg condition and a right hip condition under Title 38, U.S.C. 351" is denied. J.A. at 59. In light of this notice, the district court held that the statute of limitations period ran out, presumably two years from July 23, 1990.

Contrary to the district court, we believe that the denial letter did not give Glarner, a non-lawyer, notice that he needed to fill out an SF95 (or equivalent) to make out a tort claim. While a skilled lawyer should have known as much, Glarner reasonably believed that all the claims he could make were being processed. Proceeding pro se, Glarner wrongly assumed that he had filed the appropriate claims, but 38 C.F.R. § 14.604(a) mandates that veterans not remain so uninformed.

 The factors that this court considers in deciding whether to apply the doctrine of equitable tolling are (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). In light of the lack of actual or constructive knowledge of the sum certain requirement, Glarner's legal right to obtain such knowledge, and his continued pursuit of his remedies at each level, we hold that the statute was equitably tolled from the point at which the VA failed to furnish Glarner with an SF95 and failed to inform him of the need to file one.

Although we agree with the district court that tolling ends when Glarner knew or should have known of the need to file, this is immaterial in the instant case. Apparently, a DAV representative first told Glarner of the need to file an SF95 in May 1992, *see* Glarner Br. at 25–26, so the statute of limitations remained tolled until that time. Given this, Glarner timely filed his SF95 claim in November 1992.

## IV

We DISMISS this case without prejudice, and hold that because of equitable tolling of the statute of limitations, Glarner's November 24, 1992, filing of an SF95 was not time-barred. He is therefore permitted to proceed with his subsequently filed medical malpractice claim.