52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edward J. ANDRESS, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, U.S. Postal Service,
Defendant-Appellee.
 No. 94-3474.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Edward J. Andress, a pro se Ohio resident, appeals a district court order dismissing his civil rights complaint filed pursuant to 5 U.S.C. Sec. 7703 and multiple constitutional amendments. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Andress sued the Postmaster General of the United States disputing Andress's removal from employment following an altercation with a black employee on June 14, 1991. Andress challenged his removal on the basis of handicap and race discrimination. Andress pursued his case before the Merit Systems Protection Board (MSPB) which denied his claim after a hearing on November 27, 1991. On April 22, 1992, the MSPB denied Andress's petition for review. In its April 22nd decision, MSPB notified Andress that if he did not request a review before the Equal Employment Opportunity Commission, Andress had to file a civil action in the appropriate United States district court no later than thirty days after receipt of the notice.
 
 
 4
 On May 15, 1992, Andress filed a timely appeal in the United States District Court for the Southern District of Ohio. Subsequently, the complaint was dismissed for failure to properly serve the Attorney General. This court affirmed the dismissal on appeal. Andress v. United States Postal Serv., No. 93-3391, 1993 U.S.App. LEXIS 27677, at * 4-5 (6th Cir. Oct. 21, 1993).
 
 
 5
 While his appeal was still pending before this court, Andress filed a second complaint raising the same claims that he presented in his initial case. The parties filed cross-motions for summary judgment. Upon de novo review of a magistrate judge's report and over Andress's objections, the district court granted summary judgment for the Postmaster General.
 
 
 6
 In his timely appeal, Andress continues to argue the merits of his complaint and contends that the district court erred by concluding that it lacked jurisdiction over his complaint. He requests oral argument.
 
 
 7
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 8
 The district court properly concluded that it lacked jurisdiction over Andress's complaint. Andress was notified by the MSPB on April 22, 1992, that he had thirty days to file an appeal with a federal district court. Andress did not file his current complaint until March 31, 1993. The thirty day time period to file an appeal under 5 U.S.C. Sec. 7703(b)(2) is a jurisdictional prerequisite for judicial review of an MSPB decision which cannot be extended. Hilliard v. United States Postal Serv., 814 F.2d 325, 326-27 (6th Cir.1987); see also Glarner v. United States Dep't of Veterans Admin., 30 F.3d 697, 701 (6th Cir.1994). Further, as Andress did not file a timely appeal from the MSPB decision, the merits of his complaint are not reviewable on appeal.
 
 
 9
 Accordingly, we deny Andress's request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation