**Juan Jose GARZON, Plaintiff–Appellant,**

v.

**Mark H. LUTTRELL; Mr. Mynath; Mrs. Berro; Richard Schallick; Mrs. C. Swafford; Mr. T. Crawford; Mr. Paugh, Defendants–Appellees.**

No. 00–6303.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

### ORDER

Juan Jose Garzon, a pro se federal prisoner, appeals a district court order and

judgment dismissing without prejudice his civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $15 million in damages, Garzon sued the warden (Luttrell) and six other officials and employees of FCI Manchester, where Garzon was incarcerated at the time of the actions complained of. Garzon did not specify the capacity in which he sued the federal officials. He generally alleged that the staff at FCI Manchester failed to appropriately respond to his complaints of pain from an ulcer, so that he almost lost his life. Attached to Garzon's complaint are copies of administrative grievances and medical records which relate to both Garzon's ulcer, for which he was hospitalized in July 1995, and an injury to his left knee in June 1994.

In a report filed on April 21, 1997, a magistrate judge construed Garzon's complaint as raising claims of Eighth Amendment violations and negligence and recommended that it be dismissed. Insofar as it was construed as bringing an Eighth Amendment claim under *Bivens,* the magistrate judge found that it was barred by Kentucky's one-year statute of limitations for civil rights actions. Insofar as it raised the tort of negligence, the magistrate judge analyzed it under the Federal Tort Claims Act (FTCA), and found, *inter alia,* that the failure to name the United States as a defendant resulted in a lack of jurisdiction. The magistrate judge recommended that the FTCA claim be dismissed without prejudice. The district court overruled Garzon's objections and dismissed the entire complaint without prejudice in

an order entered on November 19, 1997. Over two years later, Garzon filed a motion requesting delayed leave to appeal. Noting that a final judgment had not been entered in this action, the district court entered an order and final judgment on August 29, 2000, dismissing Garzon's complaint without prejudice. Garzon timely appealed from that judgment.

On appeal, Garzon argues that: (1) the district court abused its discretion by dismissing his *Bivens* claim as frivolous and untimely; and (2) in a negligence suit against Bureau of Prison employees, a plaintiff need not name the United States as the only proper defendant and need not exhaust administrative remedies.

■■■ The district court properly found that Garzon's *Bivens* action is time-barred. Kentucky's one-year statute of limitations found in Ky.Rev.Stat. Ann. § 413.140(1)(a) applies to civil rights claims arising in Kentucky. *Collard v. Kentucky Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir.1990). Garzon's cause of action accrued no later than July 1995, when he underwent surgery for what was described by the hospital as a "huge perforated duodenal ulcer." See *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991). Therefore, his complaint, filed almost two years later, was clearly barred by the statute of limitations.

The district court also properly dismissed Garzon's FTCA claim. "The FTCA allows suit by a federal prisoner for personal injury suffered as the result of employee negligence." *Flechsig v. United States,* 991 F.2d 300, 303 (6th Cir.1993). Pursuant to the Act, the United States shall be substituted for the employee as a defendant in any common law tort action if the employee was acting within the scope of employment. *See* 28 U.S.C. § 2679(d)(1); *Henson v. Nat'l Aeronautics*

*& Space Admin.,* 14 F.3d 1143, 1147, *corr. on reh'g,* 23 F.3d 990 (6th Cir.1994).

■ Because of the provision that the United States may be *substituted* for the named federal employees in an FTCA action, we do not rely upon this defect to affirm the district court's judgment. However, we conclude that the claim was properly dismissed for failure to exhaust administrative remedies.

The FTCA requires claimants to first present the claim to the appropriate agency and have the claim finally denied by the agency. See 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). In order to fulfill this requirement, the claimant must: (1) give written notice of the claim sufficient to enable the agency to investigate the claim; and (2) place a value (or "sum certain") on the claim. See *Glarner v. U.S., Dep't of Veterans Admin.,* 30 F.3d 697, 700 (6th Cir.1994); 28 C.F.R. § 14.2(a).

In addition, the FTCA contains a statute of limitations:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The district court concluded that Garzon had failed to exhaust administrative remedies because the exhibits submitted along with Garzon's complaint do not include an FTCA claim for a sum certain. However, attached to his objections to the magistrate judge's report, Garzon did submit a copy of a response to his FTCA negligence claim for the sum of $15 million. That response is dated March 28, 1997, and advised Garzon that he had six months to bring suit in federal district court. Garzon's complaint in the instant action was filed on March 4, 1997. Thus, the federal action predated exhaustion of Garzon's administrative claim. The Supreme Court has held that filing a premature federal action does not satisfy the statute's exhaustion requirement because the administrative claim must be denied *before* the federal suit is instituted. See *McNeil v. United States,* 508 U.S. 106, 111–13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Because Garzon failed to exhaust his administrative remedies *before* filing this suit in federal court, the district court properly dismissed his negligence claim under the FTCA.

Accordingly, the district court's judgment, entered on August 29, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.