Jody L. **HOLT**, Plaintiff–Appellant,

v.

John **MORGAN**; Donald H. **Rumsfeld**, Secretary of Defense, Defendants–Appellees.

No. 03–3386.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

## ORDER

Jody L. Holt, an Ohio resident proceeding pro se, appeals a district court judgment dismissing her civil complaint filed pursuant to Title VII of the Civil Rights Act (42 U.S.C. § 2000e–16 et seq.), the Federal Tort Claims Act ("FTCA") (28 U.S.C. §§ 2671 et seq.), and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Holt was employed by the Columbus Center of the Defense Finance and Accounting Service ("DFAS") as an accounting technician in the Military Services Branch. Holt alleges that she was discriminated against in her employment based on her race as an African–American and in retaliation for her assertion of her equal employment opportunity rights. Under state law theories, Holt also alleges that her former supervisor, John Morgan, committed battery and intentionally inflicted emotional distress upon her.

By order dated September 7, 2001, the district court dismissed defendant John Morgan as a party pursuant to 42 U.S.C. § 2000e–16(c) and Hancock v. Egger, 848 F.2d 87, 89 (6th Cir.1988). Defendant Secretary of Defense Donald H. Rumsfeld remained as the sole defendant.

The defendant, thereafter, filed a motion to dismiss for lack of subject matter jurisdiction. In ruling on the motion to dismiss, the district court by order dated August 21, 2002, dismissed Holt's claim under the FTCA because Holt failed to exhaust her administrative remedies. The court stayed consideration of the defendant's motion to dismiss Holt's Title VII claim, indicating that resolution of the matter would depend on evidence of a final decision on Holt's September 21, 2000, EEOC appeal on her claim of race-based discrimination and retaliation. The district court also stayed its decision on Holt's supplemental state law claims pending a determination on the federal claim under Title VII.

On September 19, 2002, the defendant filed the EEOC's final decision on Holt's appeal on her discrimination claim. The defendant then moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The defendant argued that Holt's dissatisfaction with her performance appraisal was not an adverse employment action for purposes of Title VII and that Holt failed to exhaust her administrative remedies before she filed her complaint in the federal court. The district court granted the defendant's motion to the extent that the defendant argued that Holt's allegations of discrimination and reprisal did not rise to

the level of adverse employment action so as to satisfy an essential element of Holt's claim under Title VII. This appeal followed.

"The standard of review applicable to a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is the same *de novo* standard applicable to a motion to dismiss under Rule 12(b)(6)." *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 511–12 (6th Cir. 2001). "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 512.

■ Upon review, we conclude that the district court properly dismissed Holt's FTCA claim for the reason stated by that court. The FTCA requires claimants to first present the claim to the appropriate agency and have the claim finally denied by the agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). In order to fulfill this requirement, the claimant must: (1) give written notice of the claim sufficient to enable the agency to investigate the claim; and (2) place a value (or "sum certain") on the claim. *See Glarner v. U.S., Dep't of Veterans Admin.,* 30 F.3d 697, 700 (6th Cir.1994); 28 C.F.R. § 14.2(a). If the agency denies the claim or fails to dispose of it within six months, the claimant may file a civil action in federal court. Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the claim. *See Glarner,* 30 F.3d at 700.

Holt failed to prove or allege that she presented her tort claim to the appropriate federal agency. She has not addressed this issue in her complaint, amended complaint, or response to the motion to dismiss. As pointed out by the district court, the amended complaint contains letters mentioning the alleged battery, but these letters are not addressed to DFAS and they do not place a value on the claim. It appears that these letters were faxed to the EEOC Administrative Judge who issued the August 18, 2000, EEOC Decision Without A Hearing. Accordingly, Holt did not exhaust her administrative remedies with respect to her FTCA claim.

■ Upon further review, we conclude that the district court properly dismissed Holt's Title VII claim for the reason stated by that court. In order to state a prima facie case of discrimination, Holt was required to show, among other elements, that she suffered an adverse employment action. *See Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1081 (6th Cir.1994). This concept, recently referred to by the Supreme Court as a "tangible employment action," is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). A performance evaluation that is lower than an employee feels is warranted is not an adverse employment action sufficient to state a claim of discrimination. *See Primes v. Reno,* 190 F.3d 765, 767 (6th Cir.1999); *Montandon v. Farmland Indus., Inc.,* 116 F.3d 355, 359 (8th Cir.1997). Holt did not allege any adverse consequence arising from her "met" ratings and composite "fully successful" performance appraisal. Because of her inability to demonstrate adverse employment action, Holt's Title VII claim was properly dismissed.

Finally, having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over any

supplemental state law claim. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.