NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0898n.06

No. 11-1914

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

*Aug 15, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| AMANDA BAZZO, as next friend of M.B., a Minor, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant-Appellee | ) ) | |
| and | ) ) | |
| CHRISTA WILLIAMS, | ) ) | |
| Defendant. | ) | |

Before: COOK and STRANCH, Circuit Judges; STAMP, District Judge[*]

COOK, Circuit Judge. Plaintiff-Appellant Amanda Bazzo, as next friend of minor M.B., appeals the district court's dismissal of this case for lack of jurisdiction. Bazzo concedes that she failed to file an administrative claim within two years of the accrual of her cause of action, as

---

[*]The Honorable Frederick P. Stamp, Jr., Senior District Judge for the Northern District of West Virginia, sitting by designation.

required by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401(b),[1] but argues that the district

court should have applied equitable tolling to allow her untimely claim. The United States responds

that § 2401(b), as a jurisdictional requirement, does not permit equitable tolling, and alternatively

that the district court properly denied equitable tolling on the facts presented. We affirm.

The question whether § 2401(b)'s exhaustion provisions constitute jurisdictional

requirements divides circuit courts and even prompts inconsistent rulings within this circuit.

*Compare Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982) (per curiam) (jurisdictional),

*Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 332 (6th Cir. 2008) (same, addressing

the other exhaustion requirement of § 2401(b)), *Sullivan ex rel. Lampkins v. Am. Cmty. Mut. Ins.

Co.*, 208 F.3d 215 (6th Cir. 2000) (table) (same, noting that a later enactment allowing for the

substitution of the United States as a defendant did not disturb § 2401(b)'s jurisdictional bar or

permit equitable exceptions), *and Willis v. United States*, 972 F.2d 350 (6th Cir. 1992) (table)

(same), *with Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir. 1994) (relying

on the presumption of the availability of equitable tolling established by *Irwin v. Veterans Affairs*,

---

[1]Section 2401(b) provides two exhaustion requirements:

> A tort claim against the United States shall be forever barred unless [1] it is presented
> in writing to the appropriate Federal agency within two years after such claim accrues
> or unless [2] action is begun within six months after the date of mailing, by certified
> or registered mail, of notice of final denial of the claim by the agency to which it
> was presented.

28 U.S.C. § 2401(b). This appeal involves only the two-year limitations period for filing an
administrative claim.

498 U.S. 89, 95 (1990), and holding that § 2401(b)'s exhaustion requirements may be equitably tolled). The government asks us to reconsider *Glarner* in light of the Supreme Court's recent decision in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), and an emerging trend disfavoring application of equitable tolling in the context of § 2401(b).[2] Specifically, the government notes *John R. Sand & Gravel*'s discussion of "more absolute" limitations provisions, including those like the FTCA that "limit[] the scope of a governmental waiver of sovereign immunity," as reason to treat § 2401(b)'s exhaustion requirement as a "jurisdictional" prerequisite impervious to equitable exceptions. *See* 552 U.S. at 133–34.

We need not resolve this circuit split today. Assuming the availability of equitable tolling, Bazzo has not shown that the district court abused its discretion in denying relief. *See Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Bazzo alleges medical negligence on behalf of her minor daughter, M.B., for injuries sustained during her birth at Alpena General Hospital in January 2008. Though Bazzo did not know

---

[2]*E.g.*, *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003); *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011) (per curiam); *T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 959–60 (8th Cir. 2006) (resolving intracircuit split in favor of a jurisdictional requirement, but still allowing for equitable tolling); *Marley v. United States*, 567 F.3d 1030, 1034–37 (9th Cir. 2009); *Hart v. Dep't of Labor ex rel. United States*, 116 F.3d 1338, 1339 (10th Cir. 1997); *Dalrymple v. United States*, 460 F.3d 1318, 1324–26 (11th Cir. 2006). *But see Santos ex rel. Beato v. United States*, 559 F.3d 189, 194–96 (3d Cir. 2009) (treating exhaustion requirement as nonjurisdictional and allowing for equitable tolling); *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (declining to decide the issue, but denying equitable tolling on the facts of the case).

at the time, Dr. Christa Williams, the physician who delivered M.B., served as an employee of Alcona Citizens for Health, Inc. ("Alcona"), a federally funded medical facility. Bazzo does not dispute that these facts rendered Dr. Williams and Alcona federal employees under the Federally Supported Health Centers Assistance Act of 1992, bringing her claim within the purview of the FTCA. *See* 42 U.S.C. § 233(g)(1)(A); 28 U.S.C. § 1346(b)(1). Nor does she contest her failure to file an administrative claim within two years as required by § 2401(b). Rather, she asks us to excuse this oversight because counsel exercised reasonable diligence in assessing possible defendants. The district court disagreed, and so do we.

Because § 2401(b) provides a limited waiver of the United States' sovereign immunity, courts apply equitable tolling "sparingly, and not when there has only been a garden variety claim of excusable neglect." *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004) (citations and internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving entitlement to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). That showing generally encompasses the following considerations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt*, 148 F.3d at 648 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). State-law considerations do not bear on this analysis. *Chomic*, 377 F.3d at 615.

The district court viewed Bazzo's tolling argument as a "garden variety instance of failure to discover the identity of a party amounting to excusable neglect, at worst." Characterizing counsel's efforts as a "below-the-radar investigation," the court found that counsel had plenty of time to investigate Dr. Williams's employment status with Alcona, and that no one attempted to mislead Bazzo about either one's participation in federal programs. Bazzo resists the district court's diligence conclusion, arguing that none of the procedures or medical records linked Dr. Williams to Alcona, as opposed to the medical facilities where the procedures took place. The record suggests otherwise.

The government presented two documents linking M.B.'s medical care to Alcona in support of its motion to dismiss: (1) a release of medical records to the Health Center signed by Bazzo; and (2) a medical record of M.B.'s diagnosis at Alpena General Hospital, which references Alcona. As a threshold matter, Bazzo claims that the government ambushed her with these documents at the motion hearing. On the merits, Bazzo denies having had access to these documents during the limitations period, speculates that the records release may not have listed Alcona when she signed it (but does not suggest what other entity would have received the records), and dismisses the significance of the Alpena record. In any event, the district court did not rely on these documents, and neither do we. Even accepting Bazzo's factual allegation for purposes of argument, the absence of records identifying Alcona does not undermine the district court's core findings: (1) a sufficient opportunity to investigate Dr. Williams's employment status, and (2) the absence of efforts to conceal that information.

Bazzo does not detail what steps counsel took to determine Dr. Williams's employment status and, thus, does not explain how her affiliation with federally funded Alcona would have eluded a reasonably diligent party. The record reflects that, in October 2008, Bazzo's counsel found an entry for Dr. Williams in the physician directory of the Alpena Regional Medical Center. According to Bazzo's own account, it appears that counsel made no further attempts to identify Dr. Williams's employment status, or the medical center's corporate status, until he prepared the Notice of Intent to File Claim in March 2010—more than two years after Bazzo delivered M.B. and hired counsel. Further, counsel's review of the medical center's website could have alerted him to the center's "[f]ederally-designated" status. Counsel offers no explanation for these oversights.

Faced with these facts, the district court properly exercised its discretion in denying equitable tolling. We AFFIRM.

JANE B. STRANCH, Circuit Judge. I respectfully dissent.

As a preliminary matter, I think the majority opinion correctly assumes the availability of equitable tolling, though not for the sake of argument but because our precedent so requires. Until the Supreme Court or our Court sitting en banc holds that the exhaustion provisions of 28 U.S.C. § 2401(b) are jurisdictional requirements, I would affirm the district court's decision that the statute is not jurisdictional and that equitable tolling may be applied based on our prior decision in *Glarner v. United States Dep't of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir. 1994).

Nonetheless, I would reverse the district court's decision declining to grant equitable tolling in this case. While I agree that equitable tolling should be applied sparingly, I cannot accept the characterization of the efforts of plaintiff's counsel as a "below-the-radar investigation" or as a "garden variety instance of failure to discover the identity of a party amounting to excusable neglect." The record shows that plaintiff's counsel acted diligently and appropriately at all times, but their diligence did not unveil any evidence that Dr. Christa Williams was a federal government employee.

While a state statute of limitations cannot supplant the two-year statute of limitations applicable to a case governed by the Federal Tort Claims Act (FTCA), an understanding of Michigan's statute helps to illuminate the reasons for counsel's actions. Michigan's statute allows a period of ten years to file a medical malpractice suit on behalf of a minor child. M.C.L. § 600.5851(7). Upon taking the case in January 2008, the plaintiff's attorneys requested medical

records from Alpena Regional Medical Center, Women's Health Care of Alpena, Munson Medical Center, and the University of Michigan Medical Center. None of the medical records, especially those from Women's Health Care of Alpena and Alpena Regional Medical Center where Dr. Christa Williams practiced, raised any suspicion that Dr. Williams was a federal government employee. Amanda Bazzo, the child's mother, was unaware that Dr. Williams was employed by the federal government. After obtaining necessary expert medical opinions, the plaintiff's attorneys identified five proper defendants, including Dr. Williams. Counsel conducted due diligence to determine the status of each defendant, and mailed a Notice of Intent to File Claim to each defendant in March 2010, just over two years after the child's birth. In April 2010, the plaintiff's counsel received a letter from an insurance carrier for Dr. Williams and Alpena Regional Medical Center, requesting that all future correspondence be sent to the named claims specialist. It was not until July 2010 that plaintiff's counsel received a letter from the Department of Health & Human Services stating that Dr. Williams was an employee of Alcona Citizens for Health, a federally supported health facility.

I disagree that counsel's review of the Alpena Regional Medical Center's website should have drawn attention to that facility's "[f]ederally-designated" status and that counsel offered no explanation for this oversight. The website simply stated that Alpena Regional Medical Center was "[f]ederally-designated as a rural Regional Referral Center for all of Northeastern Michigan." It did not provide notice to counsel that Dr. Williams was a federal employee covered by the FTCA. *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 203 (3d Cir. 2009).

We previously observed that "[w]e might toll a statute of limitations if a plaintiff diligently searches publicly available information but fails to discover a hidden defect." *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 913 (6th Cir. 2010) (citing *Santos*, 559 F.3d at 192, 201). This is such a case where equitable tolling is appropriate. As in *Santos*, Dr. Williams' "federal status, if not covert, was at least oblique." *Santos*, 559 F.3d at 202. And as the Second and Third Circuits have pointed out, the mystery surrounding the status of federally-employed physicians is the result of the Government's

> failure to disclose that physicians . . . who provide services in private voluntary hospitals and in what appear to be private clinics, are *de jure* federal employees. Patients receiving such treatment are not aware, because they are never told or put on any notice, that the clinics they attend are government-funded or that doctors treating them are government employees. Such an omission does not rise to the level of fraud. Nevertheless, by not formulating a regulation that would require notice to a patient that the doctor rendering service to him is an employee of the United States, the Department of Health & Human Services has created a potential statute of limitations trap in states [that] may provide a longer period of time than the FTCA to file a complaint. The number of cases in which the United States has sought to take advantage of this trap suggests that it is aware of the consequences of its failure to disclose the material facts of federal employment by doctors who might reasonably be viewed as private practitioners.

*Santos*, 559 F.3d at 202–03 (quoting *Valdez v. United States*, 518 F.3d 173, 183 (2d Cir. 2008) (internal citations omitted)). In *Santos*, the Third Circuit granted equitable tolling because "the Government is contending for a result likely to prejudice the weakest and most vulnerable members of our society who surely are compelled to rely on others for the assertion of their rights," and

because "[t]here is no escape from the reality that the statute of limitations trap to which the court referred in *Valdez* is a perfect vehicle to ensnare children." *Id.* at 204.

Like the *Santos* court, I do not think that Congress, in the circumstances presented here, would want to bar the minor M.B. from an opportunity to prove her claim. *See id.* I would grant equitable tolling. Accordingly, I respectfully dissent.