COOK, Circuit Judge.
Plaintiff-Appellant Amanda Bazzo, as next friend of minor M.B., appeals the district court’s dismissal of this case for lack of jurisdiction. Bazzo concedes that she failed to file an administrative claim within two years of the accrual of her cause of action, as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401(b),[1] - but argues that the district court should have applied equitable tolling to allow her untimely claim. The United States responds that § 2401(b), as a jurisdictional requirement, does not permit equitable tolling, and alternatively that the district court properly denied equitable tolling on the facts presented. We affirm.
The question whether § 2401(b)’s exhaustion provisions constitute jurisdictional requirements divides circuit courts and even prompts inconsistent rulings within this circuit. Compare Rogers v. United States, 675 F.2d 128, 124 (6th Cir.1982) (per curiam) (jurisdictional), Humphrey v. U.S. Attorney Gen.’s Office, 279 Fed.Appx. 328, 332 (6th Cir.2008) (same, addressing the other exhaustion requirement of § 2401(b)), Sullivan ex rel. Lampkins v. Am. Cmty. Mut. Ins. Co., 208 F.3d 215 (6th Cir.2000) (table) (same, noting that a later enactment allowing for the substitution of the United States as a defendant did not disturb § 2401(b)’s jurisdictional bar or permit equitable exceptions), and Willis v. United States, 972 F.2d 350 (6th Cir.1992) (table) (same), with Glarner v. U.S., Dep’t of Veterans Admin., 30 F.3d 697, 701 (6th Cir.1994) (relying on the presumption of the availability of equitable tolling established by Irwin v. Veterans Affairs, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), and holding that § 2401(b)’s exhaustion requirements may be equitably tolled). The government asks us to reconsider Glarner in light of the Supreme Court’s recent decision in John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008), and an emerging trend disfavoring application of equitable tolling in the context of § 2401(b).[2] Specifically, the *547 government notes John R. Sand & Gravel’s discussion of “more absolute” limitations provisions, including those like the FTCA that “limit[ ] the scope of a governmental waiver of sovereign immunity,” as reason to treat § 2401(b)’s exhaustion requirement as a “jurisdictional” prerequisite impervious to equitable exceptions. See 552 U.S. at 138-34, 128 S.Ct. 750.
We need not resolve this circuit split today. Assuming the availability of equitable tolling, Bazzo has not shown that the district court abused its discretion in denying relief. See Truitt v. Cnty. of Wayne, 148 F.3d 644, 648 (6th Cir.1998).
Bazzo alleges medical negligence on behalf of her minor daughter, M.B., for injuries sustained during her birth at Alpena General Hospital in January 2008. Though Bazzo did not know at the time, Dr. Christa Williams, the physician who delivered M.B., served as an employee of Alcona Citizens for Health, Inc. (“Alcona”), a federally funded medical facility. Bazzo does not dispute that these facts rendered Dr. Williams and Alcona federal employees under the Federally Supported Health Centers Assistance Act of 1992, bringing her claim within the purview of the FTCA. See 42 U.S.C. § 233(g)(1)(A); 28 U.S.C. § 1346(b)(1). Nor does she contest her failure to file an administrative claim within two years as required by § 2401(b). Rather, she asks us to excuse this oversight because counsel exercised reasonable diligence in assessing possible defendants. The district court disagreed, and so do we.
Because § 2401(b) provides a limited waiver of the United States’ sovereign immunity, courts apply equitable tolling “sparingly, and not when there has only been a garden variety claim of excusable neglect.” Chomic v. United States, 377 F.3d 607, 615 (6th Cir.2004) (citations and internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving entitlement to it. Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir.2010). That showing generally encompasses the following considerations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one’s rights; (4) absence of prejudice to the defendant; and (5) the plaintiffs reasonableness in remaining ignorant of the particular legal requirement. Truitt, 148 F.3d at 648 (citing Andrews v. Orr, 851 F.2d 146, 151 (6th Cir.1988)). State-law considerations do not bear on this analysis. Chomic, 377 F.3d at 615.
The district court viewed Bazzo’s tolling argument as a “garden variety instance of failure to discover the identity of a party amounting to excusable neglect, at worst.” Characterizing counsel’s efforts as a “below-the-radar investigation,” the court found that counsel had plenty of time to investigate Dr. Williams’s employment status with Alcona, and that no one attempted to mislead Bazzo about either one’s participation in federal programs. Bazzo resists the district court’s diligence conclusion, arguing that none of the procedures or medical records linked Dr. Williams to Alcona, as opposed to the medical facilities where the procedures took place. The record suggests otherwise.
The government presented two documents linking M.B.’s medical care to Alco-na in support of its motion to dismiss: (1) a release of medical records to the Health Center signed by Bazzo; and (2) a medical *548 record of M.B.’s diagnosis at Alpena General Hospital, which references Alcona. As a threshold matter, Bazzo claims that the government ambushed her with these documents at the motion hearing. On the merits, Bazzo denies having had access to these documents during the limitations period, speculates that the records release may not have listed Alcona when she signed it (but does not suggest what other entity would have received the records), and dismisses the significance of the Alpe-na record. In any event, the district court did not rely on these documents, and neither do we. Even accepting Bazzo’s factual allegation for purposes of argument, the absence of records identifying Alcona does not undermine the district court’s core findings: (1) a sufficient opportunity to investigate Dr. Williams’s employment status, and (2) the absence of efforts to conceal that information.
Bazzo does not detail what steps counsel took to determine Dr. Williams’s employment status and, thus, does not explain how her affiliation with federally funded Alcona would have eluded a reasonably diligent party. The record reflects that, in October 2008, Bazzo’s counsel found an entry for Dr. Williams in the physician directory of the Alpena Regional Medical Center. According to Bazzo’s own account, it appears that counsel made no further attempts to identify Dr. Williams’s employment status, or the medical center’s corporate status, until he prepared the Notice of Intent to File Claim in March 2010 — more than two years after Bazzo delivered M.B. and hired counsel. Further, counsel’s review of the medical center’s website could have alerted him to the center’s “[f|ederally-designated” status. Counsel offers no explanation for these oversights.
Faced with these facts, the district court properly exercised its discretion in denying equitable tolling. We AFFIRM.

. Section 2401(b) provides two exhaustion requirements:
A tort claim against the United States shall be forever barred unless [1] it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless [2] action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
28 U.S.C. § 2401(b). This appeal involves only the two-year limitations period for filing an administrative claim.

. E.g., Skwira v. United States, 344 F.3d 64, 71 (1st Cir.2003); Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir.2000); In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d 185, 189 (5th Cir.2011) (per curiam); T.L. ex rel. Ingram v. United States, 443 F.3d 956, 959-60 (8th Cir.2006) (resolving intracir-cuit split in favor of a jurisdictional requirement, but still allowing for equitable tolling); Marley v. United States, 567 F.3d 1030, 1034-37 (9th Cir.2009); Hart v. Dep’t of Labor ex rel. United States, 116 F.3d 1338, 1339 (10th *547 Cir.1997); Dalrymple v. United States, 460 F.3d 1318, 1324-26 (11th Cir.2006). But see Santos ex rel. Beato v. United States, 559 F.3d 189, 194-96 (3d Cir.2009) (treating exhaustion requirement as nonjurisdictional and allowing for equitable tolling); A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir.2011) (declining to decide the issue, but denying equitable tolling on the facts of the case).