JANE B. STRANCH, Circuit Judge.
I respectfully dissent.
As a preliminary matter, I think the majority opinion correctly assumes the availability of equitable tolling, though not for the sake of argument but because our precedent so requires. Until the Supreme Court or our Court sitting en banc holds that the exhaustion provisions of 28 U.S.C. § 2401(b) are jurisdictional requirements, I would affirm the district court’s decision that the statute is not jurisdictional and that equitable tolling may be applied based on our prior decision in Glarner v. United States Dep’t of Veterans Admin., 30 F.3d 697, 701 (6th Cir.1994).
Nonetheless, I would reverse the district court’s decision declining to grant equitable tolling in this case. While I agree that equitable tolling should be applied sparingly, I cannot accept the characterization of the efforts of plaintiffs counsel as a “below-the-radar investigation” or as a “garden variety instance of failure to discover the identity of a party amounting to excusable neglect.” The record shows that plaintiffs counsel acted diligently and appropriately at all times, but their diligence did not unveil any evidence that Dr. Christa Williams was a federal government employee.
While a state statute of limitations cannot supplant the two-year statute of limitations applicable to a case governed by the Federal Tort Claims Act (FTCA), an understanding of Michigan’s statute helps to illuminate the reasons for counsel’s actions. Michigan’s statute allows a period of ten years to file a medical malpractice suit on behalf of a minor child. M.C.L. § 600.5851(7). Upon taking the case in January 2008, the plaintiffs attorneys requested medical records from Alpena Regional Medical Center, Women’s Health Care of Alpena, Munson Medical Center, and the University of Michigan Medical *549 Center. None of the medical records, especially those from Women’s Health Care of Alpena and Alpena Regional Medical Center where Dr. Christa Williams practiced, raised any suspicion that Dr. Williams was a federál government employee. Amanda Bazzo, the child’s mother, was unaware that Dr. Williams was employed by the federal government. After obtaining necessary expert medical opinions, the plaintiffs attorneys identified five proper defendants, including Dr. Williams. Counsel conducted due diligence to determine the status of each defendant, and mailed a Notice of Intent to File Claim to each defendant in March 2010, just over two years after the child’s birth. In April 2010, the plaintiffs counsel received a letter from an insurance carrier for Dr. Williams and Alpena Regional Medical Center, requesting that all future correspondence be sent to the named claims specialist. It was not until July 2010 that plaintiffs counsel received a letter from the Department of Health & Human Services stating that Dr. Williams was an employee of Alcona Citizens for Health, a federally supported health facility-
I disagree that counsel’s review of the Alpena Regional Medical Center’s website should have drawn attention to that facility’s “[flederally-designated” status and that counsel offered no explanation for this oversight. The website simply stated that Alpena Regional Medical Center was “[fjederally-designated as a rural Regional Referral Center for all of Northeastern Michigan.” It did not provide notice to counsel that Dr. Williams was a federal employee covered by the FTCA. See Santos ex rel. Beato v. United States, 559 F.3d 189, 203 (3d Cir.2009).
We previously observed that “[w]e might toll a statute of limitations if a plaintiff diligently searches publicly available information but fails to discover a hidden defect.” Ruth v. Unifund CCR Partners, 604 F.3d 908, 913 (6th Cir.2010) (citing Santos, 559 F.3d at 192, 201). This is such a case where equitable tolling is appropriate. As in Santos, Dr. Williams’ “federal status, if not covert, was at least oblique.” Santos, 559 F.3d at 202. And as the Second and Third Circuits have pointed out, the mystery surrounding the status of federally-employed physicians is the result of the Government’s
failure to disclose that physicians ... who provide services in private voluntary hospitals and in what appear to be private clinics, are de jure federal employees. Patients receiving such treatment are not aware, because they are never told or put on any notice, that the clinics they attend are government-funded or that doctors treating them are government employees. Such an omission does not rise to the level of fraud. Nevertheless, by not formulating a regulation that would require notice to a patient that the doctor rendering service to him is an employee of the United States, the Department of Health & Human Services has created a potential statute of limitations trap in states [that] may provide a longer period of time than the FTCA to file a complaint. The number of cases in which the United States has sought to take advantage of this trap suggests that it is aware of the consequences of its failure to disclose the material facts of federal employment by doctors who might reasonably be viewed as private practitioners.
Santos, 559 F.3d at 202-03 (quoting Valdez v. United States, 518 F.3d 173, 183 (2d Cir.2008) (internal citations omitted)). In Santos, the Third Circuit granted equitable tolling because “the Government is contending for a result likely to prejudice the weakest and most vulnerable members of our society who surely are compelled to rely on others for the assertion of their *550 rights,” and because “[t]here is no escape from the reality that the statute of limitations trap to which the court referred in Valdez is a perfect vehicle to ensnare children.” Id. at 204.
Like the Santos court, I do not think that Congress, in the circumstances presented here, would want to bar the minor M.B. from an opportunity to prove her claim. See id. I would grant equitable tolling. Accordingly, I respectfully dissent.