HELENE N. WHITE, Circuit Judge,
dissenting.
The majority affirms the district court’s decision not to apply equitable tolling to the limitations period of Jackson’s FTCA suit. I find tolling warranted and therefore dissent.
I.
As the majority notes, the issue of equitable tolling raises two questions: (1) whether the FTCA’s limitations provision, 28 U.S.C. § 2401(b), is jurisdictional and not subject to tolling, and (2) whether equitable tolling is available to Jackson on the merits.
A.
Our decision in Glarner v. United States Department of Veterans Administration, 30 F.3d 697 (1994), resolves the first question. In Glamer, we looked to the Supreme Court’s decision in Irwin v. Dept, of Veterans Affairs, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), which created a rebuttable presumption that equitable tolling applies to suits against the United States. Irwin, 498 U.S. at 95-96, 111 S.Ct. 453 (“We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.”). Observing that nothing indicated that Congress had “provided otherwise” with respect to § 2401(b), we concluded that Irwin’s rebuttable presumption was fully applicable and, therefore, § 2401(b) was a nonjurisdictional statute of limitations that was subject to tolling. See Glarner, 30 F.3d at 701 (“[T]heVA first argues that the doctrine of equitable tolling cannot apply to § 2401(b) because the latter is a jurisdictional statute of limitations that cannot be equitably tolled. This assertion is incorrect.”).
*722 Somewhat confusingly, we have never cited Glamer for this proposition, and since Glamer, the court has referred to § 2401(b) as jurisdictional without reference to Glarner. See, e.g., Humphrey v. United States Attorney Gen.’s Office, 279 Fed.Appx. 328, 332 (6th Cir.2008) (“The requirement that a claim pursuant to the FTCA be commenced within six months of an administrative denial is a jurisdictional prerequisite to suit and a failure to comply warrants dismissal”); Sullivan ex rel. Lampkins v. Am. Cmty. Mut. Ins. Co., 208 F.3d 215 (6th Cir.2000) (table) (describing the two-year deadline for filing administrative claims as jurisdictional); see also Bazzo v. United States, 494 Fed.Appx. 545, 546 (6th Cir.2012) (comparing Glarner with Humphrey and Sullivan and observing, “[t]he question whether § 2401(b)’s exhaustion provisions constitute jurisdictional requirements divides circuit courts and even prompts inconsistent rulings within this circuit.”). Nonetheless, as Judge Stranch recognized in her dissent in Bazzo, Glamer has not been overruled and is the law of the circuit. Bazzo, 494 Fed.Appx. at 548 (Stranch, J. dissenting) (“Until the Supreme Court or our Court sitting en banc holds that the exhaustion provisions of 28 U.S.C. § 2401(b) are jurisdictional requirements, I would affirm the district court’s decision that the statute is not jurisdictional and that equitable tolling may be applied based on our prior decision in Glamer.”).
The government contends that the Supreme Court’s decision in John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008), implicitly overruled Glamer, but it did not. In John R., the Court held that the statute of limitations for filing actions in the United States Court of Federal Claims, 28 U.S.C. § 2501, is a jurisdictional limitations period not subject to waiver. The government points to language in the decision distinguishing statutes of limitations that “seek primarily to protect defendants against stale or unduly delayed claims” which may be treated as an affirmative defense, from those that seek “to achieve a broader system-related goal, such as ... limiting the scope of a governmental waiver of sovereign immunity” which are “more absolute” and which “the Court has sometimes referred to ... as ‘jurisdictional.’ ” John R., 552 U.S. at 133-34, 128 S.Ct. 750. The government argues that § 2401(b) falls in the latter category and accordingly, under John R. is jurisdictional and cannot be tolled. But John R. did not employ that distinction to categorize § 2501 and then find tolling inapplicable. Rather, consistent with Irwin, the Court held that congressional silence in the face of the Court’s long-held precedent finding § 2501 jurisdictional was sufficient to rebut Irwin’s presumption that equitable tolling applied. Id. at 137-38, 128 S.Ct. 750 (“Specific statutory language ... could rebut [Irwin’s] presumption by demonstrating Congress’ intent to the contrary. And if so, a definitive earlier interpretation of the statute, finding a similar congressional intent, should offer a similarly sufficient rebuttal.”). Because no such Supreme Court precedent exists with respect to § 2401(b), Congressional silence does not rebut Irwin’s presumption that equitable tolling is available. Accordingly, John R. does not undermine this court’s decision in Glarner. See Arteaga v. United States, 711 F.3d 828, 833 (7th Cir.2013) (Posner, J.) (finding the FTCA limitations provision non-jurisdictional and subject to tolling, and noting “[t]he opinion in John R. Sand & Gravel actually reaffirms the presumption that equitable tolling applies to statutes of limitations in suits against the government, while emphasizing that the presumption is rebuttable”) (citation omitted); see also Santos ex rel. Beato v. *723 United, States, 559 F.3d 189, 197 (3d Cir. 2009) (stating, when concluding that John R. did not invalidate its prior determination that the FTCA limitations provision is non-jurisdictional and subject to tolling, “the Court in John R. applied but did not overrule Irwin”). Because Glarner remains good law, the FTCA’s limitations provision is subject to equitable tolling.
B.
As to the whether the filing deadline should have been tolled in this case, I would answer in the affirmative. As noted, to determine whether equitable tolling applies in a given case, the court considers five factors: (1) the plaintiffs lack of notice of the filing requirement; (2) the plaintiffs lack of constructive knowledge of the filing requirement; (3) the plaintiffs diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiffs reasonableness in remaining ignorant of the particular legal requirement. Truitt v. Wayne Cnty., 148 F.3d 644, 648 (6th Cir.1998). We review a district court’s decision to deny equitable tolling for an abuse of discretion, i.e., we reverse if the district court relies on clearly erroneous findings of fact, or improperly applies the law or uses an erroneous legal standard. Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir.1995).
Here, the district’s court’s factual determination that Jackson had actual notice of the filing deadline was clearly erroneous. Jackson’s attorneys were surely aware of the FTCA’s general filing requirements, but it is undisputed that neither Jackson nor her attorneys were aware that the agency had mailed the denial letter, triggering the six-month deadline. In other words, Jackson had no notice of the actual deadline for filing suit: September 8, 2011. Further, the district court erred as a matter of law when it stated, as a basis for its prejudice finding, that Congress did not intend to waive sovereign immunity for late-filed claims. See R. 16, Dist. Ct. Opn. at 10 (finding that tolling would prejudice the government because it “would be required to litigate a matter that unquestionably was filed beyond the limitations period and over which Congress did not intend to waive sovereign immunity”). The statement was akin to finding that Congress did not intend for equitable tolling to apply to FTCA claims, which — pursuant to Irwin and Glamer — is plainly incorrect. In addition, the district court’s determination that Jackson was not diligent because she could have filed suit as early as December 2009 — six months after the agency received her claim — is, at least, questionable. The FTCA permits, but does not require, claimants to deem a claim denied and file suit at any time after the agency fails to adjudicate the claim within six months of receiving it. See 28 U.S.C. § 2675(a) (“The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.”) (emphasis added); Conn v. United States, 867 F.2d 916, 920 (6th Cir.1989) (rejecting a requirement that the claimant exercise the option within a “reasonable” time, observing, “the language of the statute places the option in the claimant’s hands”). Jackson cannot be fairly deemed to have lacked diligence because she exercised the discretion squarely granted her under the statute.
Further, the equities weigh in Jackson’s favor where the agency knew that the six-month filing deadline was triggered by its denial of Jackson’s claim, and also knew— because its letter was returned undelivered — that Jackson was not aware that her claim had been denied. It did not even follow up using information readily avail *724 able in Jackson’s file by re-mailing the denial to Jackson at her personal address provided on her claim form. There was also evidence that the agency was aware that Serafini had replaced Shaffer as Jackson’s attorney, and had his phone number. I would find that the district court abused its discretion in denying equitable tolling, and would allow Jackson’s suit to proceed.